**IN THE UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF ILLINOIS**
**URBANA DIVISION**

| | |
|---|---|
| DEBORAH NUZZI and THOMAS NUZZI, | ) |
| | ) |
| | ) |
| Plaintiff, | ) No.  07-2239 |
| | ) |
| v. | ) |
| | ) |
| ST. GEORGE COMMUNITY CONSOLIDATED | ) |
| SCHOOL DISTRICT NO. 258; | ) |
| RICHARD REYES, individually and in his | ) |
| official capacity; WILLIAM BODEMER, | ) |
| individually and in his official capacity; | ) |
| SHARON THIESEN, individually and in her | ) |
| official capacity; PETER DUBRAVEC, | ) |
| individually and in his official capacity; | ) JURY DEMANDED |
| MARK GROSSO, individually and in his | ) |
| official capacity; and DARRELL PENDLETON, | ) |
| individually and in his official capacity, | ) |
| | ) |
| | ) |
| Defendants. | ) |

## THIRD AMENDED COMPLAINT

NOW COME THE PLAINTIFFS, DEBORAH NUZZI and THOMAS NUZZI,

through their attorney, ARMAND L. ANDRY, and submit the following as their Third

Amended Complaint, pursuant to court order and complaining of Defendants, ST.

GEORGE COMMUNITY CONSOLIDATED SCHOOL DISTRICT NO. 258;

RICHARD REYES, Individually and in his official capacity as President of the

Defendant ST. GEORGE COMMUNITY CONSOLIDATED SCHOOL DISTRICT NO.

258; WILLIAM BODEMER, Individually and in his official capacity as Vice-President

of the Defendant ST. GEORGE COMMUNITY CONSOLIDATED SCHOOL

DISTRICT NO. 258; SHARON THIESEN, Individually and in her official capacity as

Secretary of the Defendant ST. GEORGE COMMUNITY CONSOLIDATED SCHOOL

DISTRICT NO. 258; PETER DUBRAVEC, Individually and in his official capacity as

1

Board member of the Defendant ST. GEORGE COMMUNITY CONSOLIDATED
SCHOOL DISTRICT NO. 258; MARK GROSSO, Individually and in his official
capacity as Board member of the Defendant ST. GEORGE COMMUNITY
CONSOLIDATED SCHOOL DISTRICT NO. 258; and DARRELL PENDLETON,
Individually and in his official capacity as Board member of the Defendant ST. GEORGE
COMMUNITY CONSOLIDATED SCHOOL DISTRICT NO. 258:

## JURISDICTION

1. This is an action by citizens the State of Illinois and of the United States against
   the Defendants, ST. GEORGE COMMUNITY CONSOLIDATED SCHOOL
   DISTRICT NO. 258; RICHARD REYES, WILLIAM BODEMER; SHARON
   THIESEN; PETER DUBRAVEC;  MARK GROSSO; and DARRELL
   PENDLETON.  This action arises under the arises under the Family and Medical
   Leave Act, 29 U.S.C. 2101 et seq.; Title VII of the Civil Rights Act of 1964, 42
   USC 2000e et seq.; The Illinois The Illinois Whistleblower Reward and
   Protection Act, 740 ILCS 175/1, et seq.; Illinois case law against retaliation for
   filing workers compensation claims under *Kelsay v. Motorola, Inc.*, 74 Ill. 2d 172,
   384 N.E.2d 353 (1978) and breach of contract; The Illinois Open Meetings Act, (5
   ILCS 120);The Illinois Freedom of Information Act (5 ILCS 140); the Civil
   Rights Act of 1871, 42 U.S.C. 1983; and The Racketeer Influenced and Corrupt
   Organizations (RICO) Act, Title 18, U.S.C. § 1961-1968.  This court has
   jurisdiction under 28 U.S.C.  1331 (a), 1337 and 1343, in that the claims involved
   violation of federally protected rights and violations of State Rights ancillary to
   federal rights.

## PARTIES

2.  Plaintiff DEBORAH NUZZI, is a citizen of the United States, a resident of and Principal of the school in Defendant, ST. GEORGE COMMUNITY CONSOLIDATED SCHOOL DISTRICT NO. 258.

3.  Plaintiff THOMAS NUZZI, is a citizen of the United States, a resident of and Superintendent of the Defendant, ST. GEORGE COMMUNITY CONSOLIDATED SCHOOL DISTRICT NO. 258.

4.   Defendant, ST. GEORGE COMMUNITY CONSOLIDATED SCHOOL DISTRICT NO. 258 is a school District of the State of Illinois and is subject to the requirements of the Illinois Freedom of Information Act; the Illinois Open meetings Act; 42 U.S.C. 1983; the Family and Medical Leave Act (hereafter "FMLA"), 29 U.S.C. and The Racketeer Influenced and Corrupt Organizations (RICO) Act, Title 18, U.S.C. § 1961-1968.

5.  Defendant RICHARD REYES is President of the Defendant ST. GEORGE COMMUNITY CONSOLIDATED SCHOOL DISTRICT NO. 258.

6.  Defendant WILLIAM BODEMER is Vice-President of the Defendant ST. GEORGE COMMUNITY CONSOLIDATED SCHOOL DISTRICT NO. 258.

7.  Defendant SHARON THIESEN is Secretary of the Defendant ST. GEORGE COMMUNITY CONSOLIDATED SCHOOL DISTRICT NO. 258.

8.  Defendant PETER DUBRAVEC is a Board member of the Defendant ST. GEORGE COMMUNITY CONSOLIDATED SCHOOL DISTRICT NO. 258.

9.  Defendant MARK GROSSO is a Board member of the Defendant ST. GEORGE COMMUNITY CONSOLIDATED SCHOOL DISTRICT NO. 258.

10.   Defendant DARRELL PENDLETON is a Board member of the Defendant ST. GEORGE COMMUNITY CONSOLIDATED SCHOOL DISTRICT NO. 258.

3

**FACTS**

11.   Between September 2007 and December 2007, Defendants conducted Board meetings to determine the policy and practice of administering to all matters concerning the students, staff and administration and the approximately $4,000,000.00 (four million dollar) budget of the St. George Community Consolidated School District.

12.  On or about the dates stated above, the meetings conducted would be conducted in open session from approximately 7:00 p.m. to 9:00 p.m.

13.   Routinely after approximately 9:00 p.m., the individual Defendants would move that matters be conducted in Executive Session.

14.  No reasons were given for the meetings to be conducted and why executive session was necessary.

15.   Executive sessions would then be conducted from 9:00 p.m. until midnight or later in the early morning hours of the next day.

16.   After the executive sessions were conducted the Defendants would fail to resume the open meeting; fail to public adjourn; and fail to announce publicly what had been done in Executive Session.

17.   At Executive session matter were considered which were required to be in open session.

18.   At Executive Session Plaintiffs would be called in and ordered to engage in illegal activity under threat of losing their jobs.

19.   When Plaintiff THOMAS NUZZI, advised the Defendants that their actions had to be conducted in open session to comply with Illinois law, Plaintiff THOMAS NUZZI, was ordered to "shut up," or face losing his job.

20.   When Plaintiff THOMAS NUZZI, advised the Defendants that they should consult with the Board attorneys before taking or ordering illegal actions he was

4

ordered not to contact the Board attorneys and disclose what occurred in Executive session.

21.   Defendants have failed to take actions mandated by Illinois law and by contracts with the Board concerning policies to be developed and proper procedures in the conduct of Board business.

22.   Defendants have failed to properly disclose information to the public so they can be aware of what actions the Board was taking.

23.  After having filed the instant case, Plaintiffs sought to apply for workers compensation based on injury they suffered at work.

24.   Plaintiff  Deborah Nuzzi sought to take time off to deal with family problems concerning the adoption of a child pursuant to Board policy and provisions under the Family and Medical Leave Act, 29 U.S.C. 2101 et seq.

25.  Plaintiffs Deborah Nuzzi and Thomas Nuzzi sought time off pursuant to Board policy and the Illinois Workers Compensation Act which was denied by Defendants.

26.   Plaintiffs Deborah Nuzzi and Thomas Nuzzi sought time off for illness they both experienced pursuant to the Family and Medical Leave Act which was denied by Defendants.

27.  Plaintiff Thomas Nuzzi was refused a new contract based on seeking benefits of the Illinois Workers Compensation Act and the Family and Medical Leave Act.

28.  Plaintiff Deborah Nuzzi has been threatened with non-renewal of her contract based on seeing benefits of the Illinois Workers Compensation Act and the Family and Medical Leave Act.

29.   At the time the instant action was filed, Plaintiff Deborah Nuzzi had instituted an action for sexual harassment under Title VII of the Civil Rights Act of 1964 as amended, 42 U.S.C. 2000e, et seq. against the Bourbonnais School Board, case

number 07-2127 pending in the U. S. District Court for the Central district of Illinois, Urbana Division.

30. The superintendent who Plaintiff Deborah Nuzzi reported the sexual harassment to was James D. Dezwaan.

31. After Plaintiffs filed the instant action Plaintiff Thomas Nuzzi was replaced with James D. Dezwaan as "Acting Superintendent" of Defendant St. George Board.

32. After Plaintiffs filed the instant action all locks for the District were changed.

33. After Plaintiffs filed the instant action a meeting was held with all staff instructing them that if Plaintiffs came to the school they were to be treated as trespassers and the Sheriff was to be called to have them arrested.

34. The actions above were intentionally and knowingly taken by the Defendants in direct violation of State and federal law and Board policies and procedures.

35. Plaintiffs have been injured in their reputation and their ability to advance within and outside the St. George's School System and any other school systems as a result of Defendants' actions.

36. The actions taken by Defendants have caused severe emotional distress to Plaintiffs.

37. The actions taken by Defendants has constructively discharged Plaintiff THOMAS NUZZI, creating a situation where no reasonable person could continue to serve as Superintendent under the circumstances dictated by Defendants.

38. Subsequent to the filing of this complaint Defendant ST. GEORGE COMMUNITY CONSOLIDATED SCHOOL refused to renew the contracts of Plaintiffs DEBORAH NUZZI and THOMAS NUZZI.

39. Subsequent to the filing of this complaint Defendant ST. GEORGE COMMUNITY CONSOLIDATED SCHOOL refused to allow Plaintiffs DEBORAH NUZZI and THOMAS NUZZI to obtain their personal property from

their offices at the Defendant ST. GEORGE COMMUNITY CONSOLIDATED SCHOOL DISTRICT.

40.  Plaintiffs have contracts with Defendant ST. GEORGE COMMUNITY CONSOLIDATED SCHOOL DISTRICT specifying the terms and conditions of their employment with Defendant ST. GEORGE COMMUNITY CONSOLIDATED SCHOOL DISTRICT.

41. Defendant ST. GEORGE COMMUNITY CONSOLIDATED SCHOOL DISTRICT has breached the contracts with the Plaintiffs.

## COUNT ONE – VIOLATION OF THE FAMILY AND MEDICAL LEAVE ACT REGARDING THOMAS NUZZI, 29 U.S.C. 2101 ET SEQ.

42.  Plaintiffs repeat and reallege as paragraph 42 of this complaint, paragraphs 1-41 above.

43. The Family and Medical Leave Act allow an employee to take time off for family issues such as adoption and for serious medical issues.

44.  The Family and Medical Leave Act does not permit retaliation and adverse action against an employee because of exercising rights under the Act.

45. Plaintiff THOMAS NUZZI is an eligible employees under the FMLA, having been employed for at least 12 months and worked at least 1,250 hours with his employer, ST. GEORGE COMMUNITY CONSOLIDATED SCHOOL DISTRICT NO. 258 during those 12 months.

46. ST. GEORGE COMMUNITY CONSOLIDATED SCHOOL DISTRICT NO. 258 is an eligible employer under the Act, having engaged in commerce or in any industry or activity affecting commerce who employs 50 or more employees for each working day during each of the 20 or more calendar workweeks in the current or preceding calendar year.

7

47. Plaintiff THOMAS NUZZI is entitled to leave based on serious health conditions making Plaintiff unable to perform the job functions he suffered and based on the need to care for an adopted child during the 2007-2008 school year.

48. ST. GEORGE COMMUNITY CONSOLIDATED SCHOOL DISTRICT NO. 258 has refused to allow leave to Plaintiff during periods of his serious illnesses and during the period of need to care for a family member, an adopted child.

49. ST. GEORGE COMMUNITY CONSOLIDATED SCHOOL DISTRICT NO. 258 has taken adverse action against Plaintiff by refusing to allow him entrance into a public building, the St. George School; Refused to allow him to enter his office to recover their personal property; and terminating Plaintiff's employment based on the exercise of his rights under the FMLA.

50.  ST. GEORGE COMMUNITY CONSOLIDATED SCHOOL DISTRICT NO. 258 actions have violated the Act.

51. Plaintiff THOMAS NUZZI, has been injured as a result of the actions of Defendant St. George.

WHEREFORE, Plaintiff THOMAS NUZZI prays for judgment against Defendant ST. GEORGE COMMUNITY CONSOLIDATED SCHOOL DISTRICT NO. 258 in amounts to be proven at trial for reasonable attorney's fees and costs and such other relief as the court deems appropriate.

PLAINTIFF DEMANDS TRIAL BY JURY.

## COUNT TWO – VIOLATION OF THE FAMILY AND MEDICAL LEAVE ACT REGARDING DEBORAH NUZZI, 29 U.S.C. 2101 ET SEQ.

52.  Plaintiffs repeat and reallege as paragraph 52 of this complaint, paragraphs 1-41 above.

53. The Family and Medical Leave Act allow an employee to take time off for family issues such as adoption and for serious medical issues.

54.   The Family and Medical Leave Act does not permit retaliation and adverse action against an employee because of exercising rights under the Act.

55. Plaintiff DEBORAH NUZZI is an eligible employees under the FMLA, having been employed for at least 12 months and worked at least 1,250 hours with her employer, ST. GEORGE COMMUNITY CONSOLIDATED SCHOOL DISTRICT NO. 258  during those 12 months.

56. ST. GEORGE COMMUNITY CONSOLIDATED SCHOOL DISTRICT NO. 258 is an eligible employer under the Act, having engaged in commerce or in any industry or activity affecting commerce who employs 50 or more employees for each working day during each of the 20 or more calendar workweeks in the current or preceding calendar year.

57. Plaintiff DEBORAH NUZZI is entitled to leave based on illnesses she suffered and based on the need to care for an adopted child during the 2007-2008 school year.

58. ST. GEORGE COMMUNITY CONSOLIDATED SCHOOL DISTRICT NO. 258 has refused to allow leave to Plaintiff during periods of her serious health conditions and illnesses which made her unable to work and during the period of need to care for a family member, an adopted child.

59. ST. GEORGE COMMUNITY CONSOLIDATED SCHOOL DISTRICT NO. 258 has taken adverse action against Plaintiff by refusing to allow her entrance into a public building, the St. George School; refused to allow her to enter her office to recover her personal property; and terminating Plaintiff's employment based on the exercise of her rights under the FMLA.

60.   ST. GEORGE COMMUNITY CONSOLIDATED SCHOOL DISTRICT NO. 258 actions have violated the Act.

61. Plaintiff DEBORAH NUZZI, has been injured as a result of the actions of Defendant St. George.

WHEREFORE, Plaintiff DEBORAH NUZZI prays for judgment against Defendant ST. GEORGE COMMUNITY CONSOLIDATED SCHOOL DISTRICT NO. 258 in amounts to be proven at trial for reasonable attorney's fees and costs and such other relief as the court deems appropriate.

PLAINTIFF DEMANDS TRIAL BY JURY.

**COUNT THREE – VIOLATION OF THE CIVIL RIGHTS ACT OF 1964 AS AMENDED, 42 U.S.C. 2000e ET SEQ. REGARDING PLAINTIFF DEBORAH NUZZI**

62. Plaintiffs repeat and reallege as paragraph 62 of this complaint, paragraphs 1-41 above.

63. Title VII of the Civil Rights Act of 1964 as amended makes it a violation of the Act to retaliate and take adverse action against an employee because of exercising their rights under the Act.

64. Plaintiff, DEBORAH NUZZI, engaged in protected activity under Title VII by filing charges of discrimination and opposing discrimination.

65. Defendant St. George Consolidated School District, knowing that Plaintiff engaged in such protected activity, hired James Dzwaan, to supervise Plaintiff, even though Defendant knew that Dzwaan was alleged in a federal lawsuit, to have discriminated against and retaliated against Plaintiff for engaging in protected activity under Title VII.

66. After Dzwaan was hired to supervise Plaintiff, Dzwaan denied Plaintiff leave for illness; deprived Plaintiff of her contractual rights to be evaluated pursuant to her contract of employment and participated in Defendant St. George Consolidated School district's terminating Plaintiff from employment.

67.  Plaintiff suffered the above adverse actions by Defendant St. George Consolidated School district as a result of her having engaged in protedcted activity under Title VII.

68.  Plaintiff DEBORAH NUZZI, has been injured as a result of the violation of the Act by Defendant ST. GEORGE CONSOLIDATED SCHOOL DISTRICT NO. 258.

WHEREFORE, Plaintiff DEBORAH NUZZI, prays for judgment in amounts to be proven at trial for reasonable attorney's fees and costs and such other relief as the court deems appropriate against Defendants ST. GEORGE COMMUNITY CONSOLIDATED SCHOOL DISTRICT NO. 258.

PLAINTIFF DEMANDS TRIAL BY JURY.

## COUNT FOUR – VIOLATION OF THE ILLINOIS WHISTLEBLOWER REWARD AND PROTECTION ACT OF 740 ILCS 175/1 ET SEQ.

69.  Plaintiffs repeat and reallege as paragraph 69 of this complaint, paragraphs 1-41 above.

70. The Illinois Whistleblower Reward and Protection Act, 740 ILCS 175/1, et seq., makes it a violation of the Act to retaliate and take adverse action against an employee because of reporting illegal activity of an employer.

71. All of the named Defendants actions have violated the Act.

72.  Both Plaintiffs have been injured as a result of the violation of the Act by Defendants.

WHEREFORE, Plaintiffs pray for judgment in amounts to be proven at trial for reasonable attorney's fees and costs and such other relief as the court deems appropriate against Defendants Defendants ST. GEORGE COMMUNITY CONSOLIDATED

11

SCHOOL DISTRICT NO. 258; RICHARD REYES,  WILLIAM BODEMER; SHARON
THIESEN; PETER DUBRAVEC; MARK GROSSO; and DARRELL PENDLETON.

### COUNT FIVE – VIOLATION OF ILLINOIS LAW UNDER KELSAY V. MOTOROLA, INC., 74 ILL. 2D 172 (1978)

73.  Plaintiffs repeat and reallege as paragraph 73 of this complaint, paragraphs 1-41
     above.

74. Illinois law under *Kelsay v. Motorola, inc.,* 74 Ill. 2d 172 (1978) makes it illegal
     to retaliate and terminate an employee because of exercising their rights under the
     Illinois Workers Compensation Laws.

75. Both Plaintiffs have filed claims under the Illinois Workers Compensation Laws.

76.   After having filed those claims each Plaintiff was terminated by Defendant ST.
     GEORGE CONSOLIDATED SCHOOL DISTRICT.

77.   Plaintiffs were terminated, in part, for having made claims under the Illinois
     Workers Compensation Laws.

78. Defendant ST. GEORGE CONSOLIDATED SCHOOL DISTRICT'S actions
     have violated Illinois law under *Kelsay*.

79.   Plaintiffs have been injured as a result of the violation of Illinois law by
     Defendant ST. GEORGE CONSOLIDATED SCHOOL DISTRICT.

WHEREFORE, Plaintiffs pray for judgment in amounts to be proven at trial for
reasonable attorney's fees and costs and such other relief as the court deems
appropriate against Defendants ST. GEORGE COMMUNITY CONSOLIDATED
SCHOOL DISTRICT NO. 258.

**COUNT SIX - VIOLATION OF THE ILLINOIS OPEN MEETINGS ACT (5 ILCS 120)**

80.   Plaintiffs repeat and reallege as paragraph 80 of this complaint, paragraphs 1-41 above.

81.   The Illinois Open Meetings Act, (5 ILCS 120) prohibits the actions taken by all of the above Defendants.

82.   The Defendants ST. GEORGE COMMUNITY CONSOLIDATED SCHOOL DISTRICT NO. 258; RICHARD REYES WILLIAM BODEMER; SHARON THIESEN; PETER DUBRAVEC; MARK GRASSO; and DARRELL PENDLETON have violated the abovementioned law.

83.  Plaintiffs and the employees, students, teachers, parents, staff and others in the St. George Community were thus denied their rights under the above Act.

84.   Plaintiffs were damaged in amounts to be proven at trial as a result of the violation of their rights including suffering humiliation, embarrassment, stress and other compensatory damages.

WHEREFORE, Plaintiffs pray for judgment in amounts to be proven at trial for reasonable attorney's fees and costs and such other relief as the court deems appropriate against Defendants ST. GEORGE COMMUNITY CONSOLIDATED SCHOOL DISTRICT NO. 258; RICHARD REYES,  WILLIAM BODEMER; SHARON THIESEN; PETER DUBRAVEC; MARK GROSSO; and DARRELL PENDLETON. PLAINTIFFS DEMAND TRIAL BY JURY.

**COUNT SEVEN –  VIOLATION OF THE ILLINOIS FREEDOM OF INFORMATION ACT (5 ILCS 140)**

85.  Plaintiffs repeat and reallege as paragraph 85 of this complaint, paragraphs 1-41 above.

86.  The Illinois Freedom of Information, (5 ILCS 120) prohibits the actions taken by Defendants.

87.  The Defendants ST. GEORGE COMMUNITY CONSOLIDATED SCHOOL DISTRICT NO. 258; RICHARD REYES WILLIAM BODEMER; SHARON THIESEN; PETER DUBRAVEC; MARK GRASSO; and DARRELL PENDLETON have violated the abovementioned law.

88.  Plaintiffs and the employees, students, teachers, parents, staff and others in the St. George Community were thus denied their rights under the above Act.

89.  Plaintiffs were damaged in amounts to be proven at trial as a result of the violation of their rights including suffering humiliation, embarrassment, stress and other compensatory damages.

WHEREFORE, Plaintiffs pray for judgment in amounts to be proven at trial for reasonable attorney's fees and costs and such other relief as the court deems appropriate against Defendants ST. GEORGE COMMUNITY CONSOLIDATED SCHOOL DISTRICT NO. 258; RICHARD REYES,  WILLIAM BODEMER; SHARON THIESEN; PETER DUBRAVEC; MARK GROSSO; and DARRELL PENDLETON.

PLAINTIFF DEMANDS TRIAL BY JURY.

**COUNT EIGHT –  VIOLATION OF CIVIL RIGHTS ACT OF 1871, 42 U.S.C. 1983**

90.  Plaintiffs repeat and reallege as paragraph 90 of this complaint, paragraphs 1-41 above.

91.  The Civil Rights Act 1871 (42 U.S.C. 1983) as amended, makes it a violation of Civil Rights to deprive a person of rights guaranteed by the Constitution and laws of the United States under color of State law.

92.  The First Amendment of the United States Constitution gives citizens the right to freedom of expression on matters of public concern.

93.  The Fourteenth Amendment to the United States Constitution guarantees citizens the right not to be deprived of liberty or property without due process of law.

94.  Plaintiffs were thus denied their rights under the above Act.

95.  Plaintiffs were damaged in amounts to be proven at trial as a result of the violation of their rights including suffering humiliation, embarrassment, severe emotional distress and other compensatory damages.

WHEREFORE, Plaintiff prays for judgment for compensatory damages against all Defendants and, in addition for punitive damages against all named individual in amounts to be proven at trial for reasonable attorney's fees and costs and such other relief as the court deems appropriate against ST. GEORGE COMMUNITY CONSOLIDATED SCHOOL DISTRICT NO. 258; RICHARD REYES,  WILLIAM BODEMER; SHARON THIESEN; PETER DUBRAVEC; MARK GROSSO; and DARRELL PENDLETON.

PLAINTIFF DEMANDS TRIAL BY JURY.

## COUNT NINE - VIOLATION OF THE RACKETEER INFLUENCED AND CORRUPT ORGANIZATIONS (RICO) ACT, 18 U.S.C. § 1961-1968 AGAINST THE INDIVIDUALLY NAMED DEFENDANTS.

96.  Plaintiffs repeat and reallege as paragraph 96 of this complaint, paragraphs 1-95 above and paragraphs 123-150 below.

97.  The Racketeer Influenced and Corrupt Organization (RICO) Act, 18 U.S.C. 1961-1968, makes it a violation of the Act to engage in the conduct alleged above.

98.   Defendants RICHARD REYES, WILLIAM BODEMER; SHARON THIESEN; PETER DUBRAVEC;  MARK GROSSO; and DARRELL PENDLETON were associated with an enterprise involving their association as members of the St. George School Board,  which was responsible for hiring and terminating

15

employees and making contracts with various entities engaged in or which affect interstate commerce as defined by the Act.

99.  Defendants RICHARD REYES, WILLIAM BODEMER; SHARON THIESEN; PETER DUBRAVEC;  MARK GROSSO; and DARRELL PENDLETON knowingly engaged in a pattern of racketeering activity involving illegal activity in violation of federal and state law by committing at least two actions which constitute racketeering activity as defined by the Act.

100.    The racketeering activity formed a pattern by having the same or similar purposes, results, participants, victims, or methods of commission, or were otherwise interrelated by distinguishing characteristics so that they were not isolated events.

101.    The racketeering activity amounted to, or threatened the likelihood of, continued criminal activity posing a threat of continuity projecting into the future.

102.    That through the commission of the two or more connected predicate acts, the Defendants conducted or participated in  the conduct of the affairs of the enterprise.

103.    That the enterprise was engaged in or its activities affected, interstate commerce.

104.    Plaintiffs were thus denied their rights under the above Act.

105.    Plaintiffs were damaged in amounts to be proven at trial as a result of the violation of their rights including suffering humiliation, embarrassment, severe emotional distress and other compensatory damages.

WHEREFORE, Plaintiff prays for judgment for compensatory and punitive and treble damages against Defendants RICHARD REYES, WILLIAM BODEMER; SHARON THIESEN; PETER DUBRAVEC;  MARK GROSSO; and DARRELL PENDLETON in amounts to be proven at trial for reasonable attorney's fees and costs and such other relief as the court deems appropriate.

PLAINTIFF DEMANDS TRIAL BY JURY.

**COUNT TEN – BREACH OF CONTRACT DEBORAH NUZZI**

106.       Plaintiff DEBORAH NUZZI repeats and realleges as paragraph 106 of this complaint, paragraphs 1-105 above and paragraphs 123-150 below.

107.       Plaintiff DEBORAH NUZZI had a contract with Defendant ST. GEORGE COMMUNITY CONSOLIDATED SCHOOL DISTRICT NO. 258 setting out the terms and conditions of her employment.

108.       Plaintiff DEBORAH NUZZI's contract provided for payment July 10, 2007, for $8,827 for the month of June 2007 which she did not receive.

109.       After July, 2007, Plaintiff should have received $13,236.33 but instead her actual payment totaled only $9,409, a shortfall of $3,827.33.

110.       The night of Monday, January 14, 2008, Plaintiff was notified that she should not report to work and the employees of the district were told that if anyone saw Plaintiff on campus, they should call the police and have her arrested for trespassing.

111.       Plaintiff did not have any opportunity to pack up her personal items, books that she needs to complete her doctorate, research papers that she needs for her dissertation, prescription eyeglasses, and other items she needed in order to complete her dissertation and graduate with a doctorate degree in June 2008, but she cannot now because some of the books she needs for her research are in her office.

112.       Plaintiff had to cancel her flights for her family who were going to fly down for the ceremony.

113.       Plaintiff was allowed under the contract a number of my sick days which Plaintiff is now not being allowed to use.

17

114.      Plaintiff was allowed under the contract a number of vacation days which she has not been allowed to use or been reimbursed for.

115.      At the end of the 2007 school year, Plaintiff's paystub showed 37 vacation days and according to her contract, Plaintiff was to receive 31 vacation days for the 2008 school year for a total of 68 vacation days for the start of the 2008 school year.

116.      Plaintiff only used 6 vacation days this school year leaving 62 vacation days or $407.40/day times my 62 vacation days which equals $25,258.80 which Plaintiff is being denied.

117.      Plaintiff has been denied reimbursement for expenses she is entitled to under the contract for cell phone bills and other expenses.

118.      Plaintiff was subsequently denied renewal of her contract for the 2008-2009 school year.

119.      Illinois law, 105 ILCS 5/10-21.4 , 21.4a and 34-8.1 only permits discharge or non-renewal of a principals contract for cause and after proper notice of non-renewal.

120.      Defendant failed to follow the provisions of Illinois law in discharging and failing to renew Plaintiff's contract.

121.      The actions by Defendant ST. GEORGE COMMUNITY CONSOLIDATED SCHOOL DISTRICT NO. 258 have violated the terms and conditions of her contract and Illinois law.

122.      Plaintiff has been harmed by the actions of Defendant ST. GEORGE COMMUNITY CONSOLIDATED SCHOOL DISTRICT NO. 258 in amounts to be proven at trial.

WHEREFORE, Plaintiff prays for judgment Defendant ST. GEORGE COMMUNITY CONSOLIDATED SCHOOL DISTRICT NO. 258 in amounts to be

proven at trial for reasonable attorney's fees and costs and such other relief as the court deems appropriate.

PLAINTIFF DEMANDS TRIAL BY JURY.

### COUNT ELEVEN – BREACH OF CONTRACT THOMAS NUZZI

123.    Plaintiff THOMAS NUZZI repeats and realleges as paragraph 123 of this complaint, paragraphs 1-122 above.

124.    Plaintiff THOMAS NUZZI had a contract with Defendant ST. GEORGE COMMUNITY CONSOLIDATED SCHOOL DISTRICT NO. 258 setting out the terms and conditions of his employment.

125.    Plaintiff's contract permits Plaintiff to view and copy his personnel file.

126.    Although Plaintiff made a request in writing he was not permitted to view and copy his personnel file.

127.    The night of Monday, January 14, 2008, Plaintiff was notified that he should not report to work and the employees of the district were told that if anyone saw Plaintiff on campus, they should call the police and have him arrested for trespassing.

128.    Plaintiff did not have any opportunity to pack up his personal items.

129.    At Article B Section 3 Plaintiff's contract grants vacation days for the 2007-08 school year which the School Board has refused to credit the 31 vacation days for the 2007-08 school year and carryover my vacation days from the prior three years.  The carryover for the prior three years was approved by the School Board at their Regularly Scheduled Meeting in May of 2007.

130.    At Article B Section 4: According to the Superintendent's Agreement and the School Board of St. George CCSD 258 Thomas C. Nuzzi has not been granted his sick days for the 2007-08 school year.  The School Board has refused to credit the 18 sick days for the 2007-08 school year and carryover my sick days from the prior three years.

131.    At Article C Section according to the Superintendent's Agreement and the School Board of St. George CCSD 258 Thomas C. Nuzzi, in the role of Superintendent, chief executive officer for the Board, was to be under the direction of the Board.

132.    On numerous occasions, especially in the 2006-2008 school years, the Superintendent has been forced to take the direction of one or more individuals on the school board and has been threatened by the Board President that if he did not follow his demands Plaintiff would continue to be harassed, threatened, and ultimately terminated from his position.

133.    At Article D Section 1 according to the Superintendent's Agreement and the School Board of St. George CCSD 258 Thomas C. Nuzzi and part of his annual evaluation, the parties were to meet to review the Superintendent's progress toward achieving goals.

134.    This article of the agreement was not followed.

135.    At Article D Section 1e according to the Superintendent's Agreement and the School Board of St. George CCSD 258 Thomas C. Nuzzi the Superintendent was to implement action plans to address goals identified by the board.

136.    During the second year of Plaintiff's tenure he was given goals in February, the month he was to be evaluated, and then evaluated on the February goals in April which is two months after the March 1 deadline in the agreement and the evaluation was based on his entire years' performance even though Plaintiff received the goals in February.

137.    In Plaintiff's third and fourth year of his tenure he never received goals from the board as required by the contract.

138.    Plaintiff was evaluated in June 2007, after the March 1 deadline in the agreement, on goals that the board organized the same night as his June evaluation.

20

139.     In Plaintiff's fourth year he asked for his goals on numerous occasions including as late as the October and November regularly scheduled board meetings but was never given goals by the board during this my fourth year, the 2007-08 school year.

140.     At Section D Article 2 according to the Superintendent's Agreement and the School Board of St. George CCSD 258 Thomas C. Nuzzi was to develop goals with the board through a collaborative process.

141.     During the second through fourth years of his tenure, this process either did not take place or it was decided by a few of the board members without the input of the superintendent.

142.     At Section E according to the Superintendent's Agreement and the School Board of St. George CCSD 258 Thomas C. Nuzzi was to be assessed and receive a written evaluation prior to March 1 of any given employment year but this never took place prior to March 1 during any year of Plaintiff's employment.

143.     Plaintiff received a written evaluation, after March 1, during his first year.

144.     Plaintiff never received a written evaluation during his second and third year of his tenure except a piece of paper in June 2007 from the board with a few sentences and numbers on a single piece of paper which the board, without collaboration, gave to Plaintiff and said it was his evaluation which  Plaintiff signed to acknowledge he received it but the board agreed that it violated his rights and the agreement.

145.     During the fourth year Plaintiff after filing this current action in federal district court, Plaintiff received a non-renewal notice which

violated the contract because the information came without notice and

came after he had been assured prior to having filed the instant action

that his contract would be renewed.

146.     At Article H:  According to the Superintendent's Agreement and

the School Board of St. George CCSD 258 Thomas C. Nuzzi was to

receive notice under this agreement in writing and sent via mail which

never occurred.

147.     Under Illinois law, 105 ILCS 5/10-21.4,  "Notice of intent not to

renew a contract must be given in writing stating the specific reason

therefor by April 1 of the contract year unless the contract specifically

provides otherwise. Failure to do so will automatically extend the

contract for an additional year."

148.     Defendant has violated this provision of Illinois law.

149.     The actions by Defendant ST. GEORGE COMMUNITY

CONSOLIDATED SCHOOL DISTRICT NO. 258 have violated the terms and

conditions of Plaintiff's contract and violated Illinois law.

150.     Plaintiff has been harmed by the actions of Defendant ST. GEORGE

COMMUNITY CONSOLIDATED SCHOOL DISTRICT NO. 258 in amounts to

be proven at trial.

WHEREFORE, Plaintiff prays for judgment Defendant ST. GEORGE

COMMUNITY CONSOLIDATED SCHOOL DISTRICT NO. 258 in amounts to be

proven at trial for reasonable attorney's fees and costs and such other relief as the

court deems appropriate.

PLAINTIFF DEMANDS TRIAL BY JURY.

Respectfully Submitted,

___/S/Armand L. Andry_____
Attorney for Plaintiffs

ARMAND L. ANDRY
Attorney for Plaintiff
One South Dearborn, Suite 2100
Chicago, Illinois  60603
773/626-3058

CERTIFICATE OF SERVICE

I, Armand L. Andry, an attorney, certify that I caused to be served a copy of the

foregoing Second Amended Complaint by filing the same on the court's ECF system on

June 18, 2008.

_/S/ Armand L. Andry_____

Armand L. Andry