**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**
Urbana Division

| | |
|---|---|
| **DEBORAH NUZZI and** ) | |
| **THOMAS NUZZI,** ) | |
|  ) | |
| **Plaintiffs,** ) | |
| v. ) | |
|  ) | **Case No. 07-2239** |
| **ST. GEORGE COMMUNITY** ) | |
| **CONSOLIDATED SCHOOL DISTRICT** ) | |
| **NO. 258, et al.,** ) | |
|  ) | |
| **Defendants.** ) | |

# REPORT AND RECOMMENDATION

In December 2007, Plaintiffs Deborah and Thomas Nuzzi filed a Complaint (#1) against Defendants St. George Community Consolidated School District No. 258, Richard Reyes, William Bodemer, Sharon Thiesen, Peter Dubravec, Mark Grosso, and Darrell Pendleton, alleging violations of state and federal law. Plaintiffs subsequently amended the complaint, eventually filing a Third Amended Complaint (#22) in June 2008. Federal jurisdiction is based on federal question pursuant to 28 U.S.C. § 1331 because Plaintiff has raised claims involving federal statutes.

In July 2008, Defendants St. George Community Consolidated School District No. 258 (hereinafter "St. George"), Reyes, Bodemer, Thiesen, Dubravec, Grosso, and Pendleton filed a Motion To Dismiss Plaintiffs' Third Amended Complaint (#24). Plaintiffs filed a Response to Defendants' Motion To Dismiss Third Amended Complaint (#27). After reviewing the parties' pleadings and memoranda, this Court recommends, pursuant to its authority under 28 U.S.C. § 636(b)(1)(B), that Defendants' Motion To Dismiss Plaintiffs' Third Amended Complaint **(#24)** be **GRANTED** in part and **DENIED** in part.

### I. Background

The following background is taken from the complaint. Plaintiff Deborah Nuzzi is a school principal in the St. George school district. Plaintiff Thomas Nuzzi is superintendent of

the St. George school district. Defendant Reyes is president of the St. George school district. Defendant Bodemer is vice-president of the St. George school district. Defendant Thiesen is secretary of the St. George school district. Defendants Dubravec, Grosso, and Pendleton are members of the board of the St. George school district.

Plaintiffs allege eleven counts, as follows: (1) In Count I, Thomas alleges that Defendant St. George violated the Family and Medical Leave Act (29 U.S.C. § 2101 *et seq.*) (hereinafter "FMLA"); (2) in Count II, Plaintiff Deborah alleges that St. George violated the FMLA; (3) in Count III, Deborah alleges that St. George violated Title VII of the Civil Rights Act of 1964 (42 U.S.C. § 2000e *et seq.*) (hereinafter "Title VII"); (4) in Count IV, Plaintiffs allege that all Defendants violated the Illinois Whistleblower Reward and Protection Act (740 ILCS 175/1 *et seq.*) (hereinafter "Whistleblower Act"); (5) in Count V, Plaintiffs allege that St. George violated Illinois common law by retaliating against them because they exercised their rights under Illinois workers' compensation laws; (6) in Count VI, Plaintiffs allege that all Defendants violated the Illinois Open Meetings Act (5 ILCS 120 *et seq.*); (7) in Count VII, Plaintiffs allege that all Defendants violated the Illinois Freedom of Information Act (5 ILCS 140) (hereinafter "FOIA"); (8) in Count VIII, Plaintiffs allege that all Defendants violated their constitutional rights to free speech and due process; (9) in Count IX, Plaintiffs allege that Defendants Reyes, Bodemer, Thiesen, Dubravec, Mark Grosso, and Pendleton violated the Racketeer Influenced and Corrupt Organizations Act (18 U.S.C. § 1961-68) (hereinafter "RICO"); (10) in Count X, Deborah alleges that St. George breached her employment contract; and (11) in Count XI, Thomas alleges that St. George breached his employment contract.

In each Count, Plaintiffs "repeat and reallege" all other allegations in the complaint, including thirty-one paragraphs listed in a section titled "Facts" (¶¶ 11-41).

## II. Standard

A motion to dismiss for failure to state a claim tests the sufficiency of the complaint; it does not decide the merits. *Gibson v. City of Chi.*, 910 F.2d 1510, 1520 (7th Cir. 1990). On a motion to dismiss, the Court treats all well-pleaded allegations in the complaint as true, and draws

all reasonable inferences in the plaintiff's favor. *McMillan v. Collection Prof'ls, Inc.*, 455 F.3d 754, 758 (7th Cir. 2006); *see Bell Atl. Corp. v. Twombly*, — U.S. —, 127 S. Ct. 1955, 1965 (2007) (requiring plausible grounds for inferences if those inferences are to sustain a complaint).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). The United States Supreme Court has interpreted this language to impose two easy-to-clear hurdles: First, the plaintiff must plead sufficient facts to give fair notice of the claim and the ground upon which it rests, and second, those facts, if true, must plausibly suggest that the plaintiff is entitled to relief, "raising that possibility above a 'speculative level'." *E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776-77 (7th Cir. 2007) (citing *Bell Atl.*, 127 S. Ct. at 1965, 1973 n.14).

### III. Analysis

Defendants argue that the Court should dismiss the claims for the following reasons: (1) the FMLA claims are inadequate; (2) Deborah's Title VII claim fails to allege the essential elements of a claim; (3) Plaintiffs' constitutional claims fail to state claims; (4) Plaintiffs' RICO claim fails to satisfy RICO pleading requirements; (5) Plaintiffs' claims in Counts I (FMLA), II (FMLA), and VII (Illinois Freedom of Information Act) fail to state claims against individual Defendants; (6) as to the claim under the Whistleblower Act, Plaintiffs' allegations are inadequate and/or failed to satisfy procedural requirements; (7) Plaintiffs' common law retaliation claims in Count V fails to plead the elements necessary to state a claim; (8) Plaintiff's Open Meetings Act claim is time-barred and fails to state a claim; and (9) Plaintiffs' FOIA claim fails to state a claim. Defendants have not raised any arguments about the breach of contract claims in Counts X and XI.

### A. The FMLA Claims

Defendants first argue that Plaintiffs' FMLA claims in Counts I and II fail to adequately allege a claim in general and also fail to state claims against individual Defendants.

To state an FMLA claim, a plaintiff must allege that: (1) she is eligible, meaning she was employed for at least twelve months by her employer and worked at least 1,250 hours during the preceding twelve-month period (29 U.S.C. § 2611(2)); (2) her employer is covered by the statute, or specifically is "engaged in commerce or in any industry or activity affecting commerce who employs 50 or more employees for each working day during each of 20 or more calendar workweeks in the current or preceding calendar year" (29 U.S.C. § 2611(4)); (3) she was entitled to leave under one of the provisions of the FMLA (29 U.S.C. § 2612(a)(1)); and (4) the employer engaged in one of the acts prohibited by the FMLA (29 U.S.C. § 2615).

Defendants contend that Plaintiffs' allegations regarding the first (employee eligibility) and third (entitlement to leave) elements are too conclusory to satisfy notice pleading standards. Defendants also state that Thomas's claim failed to allege the second element, that Defendant St. George was an eligible employer.

Regarding the first element, Plaintiffs alleged that they were eligible employees because they had "been employed for at least 12 months and worked at least 1,250 hours . . . during those 12 months." (#22, ¶¶ 45, 55.) Regarding the second element, Thomas alleged that Defendant St. George was an eligible employer under the FMLA, "having engaged in commerce or in any industry or activity affecting commerce who employs 50 or more employees for each working day during each of the 20 or more calendar workweeks in the current or preceding calendar year." (#22, ¶ 46.) These allegations are sufficient satisfy the first two elements. If Defendants wish to challenge Plaintiffs' allegations based on facts outside the pleadings regarding Plaintiffs' eligibility under FMLA or Defendant St. George's status as an eligible employer, they may do so in a motion for summary judgment.

Regarding the third element, Defendants contend that Plaintiffs have failed to allege that their leaves were qualified under the FMLA. Section 2612 of the FMLA provides that an eligible employee is entitled to leave for the following reasons:

> (A) Because of the birth of a son or daughter of the employee and in order to care for such son or daughter.

4

>   (B) Because of the placement of a son or daughter with the employee for adoption or foster care.
>   (C) In order to care for the spouse, or a son, daughter, or parent, of the employee, if such spouse, son, daughter, or parent has a serious health condition.
>   (D) Because of a serious health condition that makes the employee unable to perform the functions of the position of such employee.
>   (E) Because of any qualifying exigency (as the Secretary shall, by regulation, determine) arising out of the fact that the spouse, or a son, daughter, or parent of the employee is on active duty (or has been notified of an impending call or order to active duty) in the Armed Forces in support of a contingency operation.

29 U.S.C. § 2612(a)(1). Thomas alleged that he was entitled to leave based on "serious health conditions making Plaintiff unable to perform the job functions he suffered and based on the need to care for an adopted child during the 2007-2008 school year." (#22, ¶ 47.) Deborah alleged that she was entitled to leave based on "illnesses she suffered and based on the need to care for an adopted child during the 2007-2009 school year." (#22, ¶ 57.)

Defendants contend that Deborah's allegations are unclear because the complaint does not allege that the adopted child was placed *with her* for adoption, she failed to plead a qualifying serious health condition because she neglected to mention the nature of the alleged illness or any facts from which its seriousness could be inferred, and she failed to allege how her illness made her unable to perform the functions of her position. Defendants contend that Thomas' allegations are deficient for the same reasons. The Court disagrees. At this point, the Court must accept the well-pleaded allegations as true. These allegations plead sufficient facts to give fair notice of the claim and also plausibly suggest that Plaintiffs are entitled to relief. *See Concentra Health Servs., Inc.*, 496 F.3d at 776-77. Accordingly, the Court recommends denying the motion to dismiss the FMLA claims.

Defendants also argue that the Court should dismiss the FMLA claims as to individual Defendants because a suit against an individual defendant in his or her official capacity is the same as a suit against the government entity itself.

The terms "official capacity" and "individual capacity" refer to the capacity in which a party is sued, not the capacity in which he or she inflicts the alleged injury. *Hafer v. Melo*, 502

U.S. 21, 26 (1991).  An official capacity suit is simply another way of pleading an action against an entity of which an employee is an agent.  *Kentucky v. Graham*, 473 U.S. 159, 165 (1978).  The real party in interest in an official capacity suit is the government entity and not the named individual.  *Hafer*, 502 U.S. at 25.  Thus, a suit against a municipal employee in his official capacity is the same as a suit against the municipality itself.  *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 689-90 n.55, 56 (1977).

The Court agrees with Defendants; because Plaintiffs have adequately stated an FMLA claim against Defendant St. George, the claims against individual Defendants in their official capacities are redundant.  *See Rascon v. Hardimon*, 803 F.2d 269, 274 (7th Cir. 1986) (stating that, to the extent that the plaintiff sued an individual defendant in his official capacity, that "action operates as a claim against the government entity itself"); *Kohn v. Mucia*, 776 F. Supp. 348, 356 (N.D. Ill. 1991) (dismissing redundant claim).  Accordingly, the Court recommends dismissing the FMLA claims against individual Defendants in their official capacities.  However, the Court notes that Plaintiffs have sued Defendants in both their official and individual capacities.  Defendants have not raised any arguments about dismissing individual Defendants in their individual capacities, therefore those parties are still subject to Counts I and II.

### B.  The Title VII Claim

Defendants next argue that the Court should dismiss Deborah's Title VII claim because it fails to allege the essential elements of the claim.  Specifically, Defendants contend that the complaint does not allege what retaliatory act forms the basis of Plaintiff's claim.  They also contend that Plaintiff has failed to establish a causal connection between the protected activity and the purported retaliation.

In Count III, Deborah alleged that she engaged in protected activity "by filing charges of discrimination and opposing discrimination."  (#22, ¶ 64.)  She also alleged as follows:

> 65.  [Defendant St. George], knowing that Plaintiff engaged in such protected activity, hired James Dzwaan, to supervise Plaintiff, even though Defendant knew that Dzwaan was alleged . . . to have discriminated against and retaliated against Plaintiff for engaging in protected activity under Title VII.

66. After Dzwaan was hired to supervise Plaintiff, Dzwaan denied Plaintiff leave
for illness; deprived Plaintiff of her contractual rights to be evaluated pursuant to
her contract of employment and participated in Defendant St. George Consolidated
School district's terminating Plaintiff from employment.

#22, ¶¶ 65-66 [sic].

In support of their argument, Defendants first concede that Plaintiff has alleged a protected activity, but state that Plaintiff failed to allege any adverse action by St. George, as opposed to adverse action by Bourbonnais School Board. Defendants subsequently state that Plaintiff has failed "to allege or explain any retaliatory behavior *against her* by Defendants." (#26, p. 7.) The Court disagrees. Paragraph 66 alleges that after *St. George* hired Dezwaan, Dezwaan denied Plaintiff leave, deprived her of her right to be evaluated, and participated in St. George's termination of Plaintiff's employment. These allegations allege conduct by St. George, either directly or through its agent. The Court concludes that Plaintiff's allegations are sufficient at this stage to withstand a motion to dismiss and recommends denying the motion to dismiss this claim.

### C.  The Constitutional Claims

Defendants next argue that the Court should dismiss the constitutional claims in Count VIII as to Defendant St. George because Plaintiffs have not pled enough to state a claim against St. George. Specifically, Defendants contend that Plaintiffs have failed to allege the existence of a policy or custom. Defendants also contend that Plaintiffs have failed to allege required elements for the First Amendment claim or the Fourteenth Amendment due process claim.

In general, to state a claim under 42 U.S.C. § 1983, a plaintiff must allege that the conduct complained of was committed by a person acting under color of state law, and that this conduct deprived plaintiff of rights, privileges, or immunities secured by the Constitution or laws of the United States. *Moore v. Muncie Police & Fire Merit Comm'n,* 312 F.3d 322, 326 (7th Cir. 2002). A local government unit or municipal entity is liable under Section 1983 only where the execution of an official government policy or custom causes the alleged constitutional injury. *Monell*, 436 U.S. at 694. A municipality may maintain such a policy expressly, through custom

or usage, or through the deliberate act of a decision-maker with final policy-making authority. *Ienco v. City of Chi.*, 286 F.3d 994, 998 (7th Cir. 2002). The municipal policy requirement was instituted to distinguish acts of the municipality from acts of its employees, so that the municipality would be held liable only for acts for which it is actually responsible. *Pembaur v. Cincinnati*, 475 U.S. 469, 479 (1986). Finally, in order to be held liable in a Section 1983 action, an individual must have personally caused or participated in the alleged constitutional deprivation. *Zimmerman v. Tribble*, 226 F.3d 568, 574 (7th Cir. 2000).

In Count VIII, Plaintiffs sought damages from all Defendants, alleging that "Plaintiffs were thus denied their rights under the above Act." (#22, ¶ 94.) Plaintiffs specifically refer to the First Amendment right to "freedom of expression on matters of public concern" (#22, ¶ 92) and the Fourteenth Amendment right "not to be deprived of liberty or property without due process of law" (#22, ¶ 93).

### 1. Municipal Liability

Defendants first argue that Plaintiffs have failed to allege any conduct by St. George that would give rise to liability.

Plaintiffs respond in their memorandum that they have alleged "constitutional violations by the school board not employees of the school board" and that the school board is "the policymaking authority for the District." (#27, p. 11.)

The Court notes that a plaintiff cannot amend his or her complaint through arguments presented in its legal memoranda. *Harrell v. United States*, 13 F.3d 232, 236 (7th Cir. 1993). Therefore, the Court cannot consider the explanation Plaintiffs provide in their memorandum as a supplement to the pleadings. However, the Court must draw all reasonable inferences in Plaintiff's favor. *See McMillan*, 455 F.3d at 758.

Here, the allegations of the complaint provide plausible grounds for inferring that the purported constitutional violations occurred as a result of actions taken by the school board.

*See Bell Atl. Corp.*, — U.S. —, 127 S. Ct. at 1965 (2007) (requiring plausible grounds for inferences if those inferences are to sustain a complaint). In Illinois, the school board is the final policy maker for a school district. *Tierney v. Quincy Sch. Dist. No. 172*, 125 Fed. App'x 711, 717 (7th Cir. 2005) (citing *Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84,* 133 F.3d 1054, 1061 (7th Cir. 1998)). Accordingly, at this point, the Court recommends denying the motion to dismiss the claims against Defendant St. George on the ground that Plaintiffs failed to allege a basis for municipal liability.

### 2. The First Amendment Claim

Defendants next argue that Plaintiffs have failed to adequately allege a First Amendment claim because neither Plaintiff makes any allegation that identifies their speech as addressing matters of public concern or any allegation of retaliation for speech.

Plaintiffs respond in their brief that they alleged that "action was taken against them for filing federal complaints, clearly constitutionally protected speech." (#27, p. 11.)

To state a claim under the First Amendment, a plaintiff need allege only that (1) her speech was constitutionally protected, and (2) the defendant retaliated against her because of it. *Brown v. Chi. Transit Auth. Pension Bd.*, 86 Fed. App'x 196, 198-99 (7th Cir. 2004). Thus, the plaintiff must identify speech that is protected by the First Amendment. *Zinnermon v. City of Chi. Dep't of Police*, 209 F. Supp. 2d 908, 910 (N.D. Ill. 2002) (citing *Connick v. Myers,* 461 U.S. 138 (1983)). The Seventh Circuit court has specifically rejected the notion that a plaintiff who asserts a First Amendment claim must allege a "chronology of events from which retaliation may plausibly be inferred" in order to state a claim. *Walker v. Thompson,* 288 F.3d 1005, 1009 (7th Cir. 2002).

Although Plaintiffs explained in their memorandum that they are basing the First Amendment claim on their acts of filing federal complaints, they did not allege this information in Count VIII. Again, the Court notes that a plaintiff cannot amend his or her complaint by statements made in a memorandum. In Count VIII, Plaintiffs alleged only that they had been

9

deprived of their right to freedom of expression on matters of public concern. These allegations do not provide Defendants or the Court notice of the basis for their First Amendment claims. *See Perkins v. Silverstein,* 939 F.2d 463, 467 (7th Cir. 1991) ("While plaintiffs make clear in their original complaint what their claims are, they fail to identify the grounds upon which their claims are based. This they must do, even under the liberal notice pleading of Rule 8(a)." (footnote and citation omitted)); *Kyle v. Morton High Sch.,* 144 F.3d 448, 455-57 (7th Cir. 1998) (describing cases that were dismissed because plaintiffs failed to allege enough to provide notice of the claim). Furthermore, even if the Court could consider this statement, Count VIII does not indicate what actions were taken or which Defendants were involved in the acts that purportedly deprived Plaintiffs of their First Amendment rights. Accordingly, the Court recommends dismissing the First Amendment claims with leave to amend.

### 3. The Due Process Claims

Defendants next argue that Plaintiffs have failed to adequately allege a Fourteenth Amendment due process claim because neither Plaintiff identified the property or liberty interest at issue or the manner in which each Plaintiff was deprived of that interest.

Plaintiffs respond that a plaintiff need only state that "some person has deprived him or her of a federal right and . . . that the person who has deprived him of the right acted under color of state law." (#27, p. 12.)

The preceding statement describes in general what a plaintiff must plead to state a constitutional claim pursuant to Section 1983. In addition, the Seventh Circuit court has stated that, to state a procedural due process claim, a plaintiff must allege (1) deprivation of a protected interest, and (2) insufficient procedural protections surrounding that deprivation. *Michalowicz v. Vill. of Bedford Park*, 528 F.3d 530, 534 (7th Cir. 2008) (citing *Doherty v. City of Chi.,* 75 F.3d 318, 322 (7th Cir. 1996)). Furthermore, the Seventh Circuit court has stated that a plaintiff must identify the property interest or state-created liberty interest of which she was allegedly deprived. *Crenshaw v. Baynerd*, 180 F.3d 866, 869 (7th Cir. 1999) (citing *Bd. of Regents v. Roth*, 408 U.S. 564, 577 (1972) (property interest), and *Ky. Dep't of Corrs. v. Thompson*, 490 U.S. 454, 459-62

(1989) (liberty interest)). Plaintiffs have not asserted either of these in Count VIII nor did their brief suggest what property or liberty interest might be at issue. Count VIII also includes no allegations regarding what conduct by any Defendant deprived Thomas and/or Deborah of their rights to due process. As a result, the allegations in Count VIII do not give notice of the basis for the due process claim and the Court recommends dismissing the purported due process claims with leave to amend.

### D. The RICO Claims

Defendants next argue that Plaintiffs' RICO claims failed to satisfy RICO pleading requirements. Defendants note that Plaintiffs have not alleged any predicate acts that indicate a pattern of racketeering activity, any acts that constitute "racketeering activity" as defined in 18 U.S.C. § 1961(1), any injury to Plaintiffs' business or property that satisfies standing, or a causal relationship between the injury and the alleged RICO violation. Defendants rely on the Seventh Circuit court's discussion of pleading in the RICO context to support their argument. *See Uni\*Quality, Inc. v. Infotronx*, 974 F.2d 918 (7th Cir. 1992); *see also Shapo v. O'Shaughnessy*, 246 F. Supp. 2d 935 (N.D. Ill. 2002) (discussing whether the plaintiff in that case stated a RICO claim).

Plaintiffs respond by repeating the allegations from the complaint. Plaintiffs also contend that Defendants have confused what is required to prove a claim with what is required to plead a claim. However, the Court has reviewed the case law cited by Defendants and observes that, except for three cases discussing substantive issues regarding standing to sue under RICO, the cases Defendants cited all addressed motions to dismiss. *See, e.g., Uni\*Quality*, 974 F.2d at 920 (expressly stating that it was reviewing the district court's grant of a motion to dismiss); *Shapo*, 246 F. Supp. 2d 935 (considering motions to dismiss RICO claims under subsections (a), (b), (c), and (d) of 18 U.S.C. § 1962).

Paragraph 98 of Count IX alleges that the RICO "enterprise" included all individual Defendants. The remaining allegations in Count IX closely mirror the statutory language, stating that Defendants "knowingly engaged in a pattern of racketeering activity involving illegal activity

in violation of federal and state law by committing at least two actions which constitute racketeering activity as defined by the Act" and that the racketeering activity threatened the likelihood of continued criminal activity. (#22, ¶¶ 99, 101.) However, the very general language in Count IX provides no information regarding the purpose of the enterprise, what conduct by Defendants denied Plaintiffs their "rights" under RICO (*see* #22, ¶ 104), or anything that might provide a clue as to what Plaintiffs' RICO claims are and the basis upon which they rest. *See Concentra Health Servs.*, 496 F.3d at 776-77. Furthermore, in their memorandum in opposition to the motion to dismiss, Plaintiffs did not suggest that they have alleged this information anywhere else in the complaint. Given the conclusory nature of the allegations, the Court concludes that Plaintiffs have failed to plausibly suggest that they are entitled to relief under RICO, much less "raising that possibility above a 'speculative level'." *Id.* Not every statutory or contract claim lends itself to an alternative claim under RICO. Accordingly, the Court recommends dismissing the RICO claims with leave to amend.

### E.  The Whistleblower Act Claims

Defendants next argue that Plaintiffs failed to state claims under the Whistleblower Act or failed to satisfy procedural requirements, depending on what section of the statute Plaintiffs are basing their claims.

Without any authority and with very little discussion, Plaintiffs respond that Illinois pleading rules do not apply.

As usual, the Court's consideration of Defendants' argument begins with a review of the allegations in Count IV. Besides repeating and realleging the rest of the allegations in the complaint, Plaintiffs allege three paragraphs, describing the Whistleblower Act, stating generally that all named Defendants' actions violated the Act, and stating that both Plaintiffs were injured as a result. These allegations tell the Court nothing. Even under liberal federal notice pleading standards, this is not enough information to give notice of the basis for the claims. Accordingly, the Court recommends granting the motion to dismiss these claims with leave to amend.

### F.  The Common Law Retaliation Claims

Defendants next argue that Plaintiffs' common law retaliation claims in Count V are inadequate.  Specifically, Defendants contend that the common law of retaliatory discharge does not cover claims based on failure to renew a contract or constructive discharge, and Plaintiffs failed to identify any public policy.

Plaintiffs respond that they have alleged that they were terminated from their employment (citing #22, ¶ 76), and that the terminations occurred in part because they filed workers' compensation claims (citing #22, ¶¶ 75, 77).  Besides Plaintiffs' allegations in Count V, the complaint includes some specific allegations that relate to the retaliation claims, as follows:

> 27.  Plaintiff Thomas Nuzzi was refused a new contract based on seeking benefits of the Illinois Workers Compensation Act and the Family and Medical Leave Act.
> 28.  Plaintiff Deborah Nuzzi has been threatened with non-renewal of her contract based on seeing [sic] benefits of the Illinois Workers Compensation Act and the Family and Medical Leave Act.
> . . . .
> 37.  The actions taken by Defendants has [sic] constructively discharged Plaintiff THOMAS NUZZI, creating a situation where no reasonable person could continue to serve as Superintendent under the circumstances dictated by Defendants.
> 38.  Subsequent to the filing of this complaint Defendant ST. GEORGE COMMUNITY CONSOLIDATED SCHOOL refused to renew the contracts of Plaintiffs DEBORAH NUZZI and THOMAS NUZZI.

#22, ¶¶ 27-28, 37-38.  Thus, Thomas alleges that he was terminated by means of constructive discharge and failure to renew his employment contract.  Deborah alleges that St. George refused to renew her employment contract.

In *Kelsay v. Motorola,* the Illinois Supreme Court recognized a cause of action for retaliatory discharge when an employer fires an employee for making a workers' compensation claim under the Act.  *Kelsay v. Motorola*, 384 N.E.2d 353, 356-57 (Ill. 1978).  Since deciding that case, the Illinois Supreme Court "has consistently sought to restrict the common law tort of retaliatory discharge."  *Fisher v. Lexington Health Care, Inc.*, 722 N.E.2d 1115, 1121 (Ill. 1999).  The Seventh Circuit court has acknowledged the Illinois Supreme Court's position on the scope of the tort of retaliatory discharge, particularly noting that Illinois law does not recognize a cause

13

of action for retaliatory discharge based on constructive discharge. *Seddon v. Maytag Corp.*, 178 Fed. App'x 557, 559 (7th Cir. 2006) (granting summary judgment for employer where employee alleged his former employer had constructively discharged him for filing a workers' compensation claim). Moreover, noting the narrow interpretation given this cause of action in Illinois, the Seventh Circuit court stated that "only an *actual* termination can support an employee's retaliatory discharge claim under Illinois law." *Thomas v. Guardsmark, Inc.*, 381 F.3d 701, 707 (7th Cir. 2004) (emphasis in original).

A valid claim for retaliatory discharge must allege that the employee was discharged in retaliation for her activities and that the discharge violates a clear mandate of public policy. *Zimmerman v. Buchheit of Sparta, Inc.*, 645 N.E.2d 877, 880 (Ill. 1994) (discussing requirements for alleging retaliatory discharge under Illinois's fact-pleading standard). "Discharge in an employment context is commonly understood to mean the release, dismissal, or termination of an employee." *Id.* (citing *Welsh v. Commonwealth Edison*, 713 N.E.2d 679, 683 (Ill. App. Ct. 1999)). Illinois courts interpret "discharge" to mean a "coerced resignation or actual discharge--and not merely a threat to discharge or discipline short of discharge." *Melton v. Cent. Ill. Pub. Serv. Co.*, 581 N.E.2d 423, 425 (Ill. App. Ct. 1991).

As Plaintiffs have pointed out, a notice pleading standard applies in federal court. Nevertheless, the Seventh Circuit court has recognized that a plaintiff may allege information in his or her complaint that establishes that he or she cannot state a claim. A plaintiff pleads himself out of court when it would be necessary to contradict the complaint in order to prevail on the merits. *Tamayo v. Blagojevich*, 526 F.3d 1074, 1086 (7th Cir. 2008). If the plaintiff voluntarily provides unnecessary facts in her complaint, the defendant may use those facts to demonstrate that she is not entitled to relief. *Id.* That is what happened here. As noted above, Plaintiffs alleged that the termination of their employment occurred as a result of either nonrenewal of contract or constructive discharge. Neither one of these constitutes "discharge" in the context of a claim of retaliatory discharge under Illinois law. *See, e.g., Ludwig v. C & A Wallcoverings, Inc.*, 750 F. Supp. 339, 341-42 (N.D. Ill. 1990) (stating, in the context of summary judgment on a claim of retaliatory demotion, "[i]n the absence of any evidence that Ludwig was either directly

terminated or otherwise coerced to quit, Ludwig cannot maintain a claim for retaliatory discharge"). Accordingly, the Court recommends granting Defendants' motion to dismiss the common law retaliatory discharge claims in Count V with prejudice.

### G.  The Open Meetings Act Claims

Defendants next argue that the Court should dismiss Plaintiffs' Open Meetings Act claims because they (1) are time-barred, (2) fail to state a claim, and (3) seek money damages.

Plaintiffs respond only to the argument that the claims are time-barred.

The Open Meetings Acts governs the procedure of public meetings such as school board meetings, and includes a number of provisions and restrictions. Among other things, the Act states that "[n]o final action may be taken at a closed meeting. Final action shall be preceded by a public recital of the nature of the matter being considered and other information that will inform the public of the business being conducted." 5 ILCS 120/2(e).

Plaintiffs alleged in the complaint that the meetings at issue occurred between September 2007 and December 2007 (#22, ¶ 11), but did not provide specific dates. Based on these dates, it is possible that one of the meetings at issue occurred within the statutory time period. Therefore, whether the claims are time-barred depends on facts outside the pleadings that the Court cannot consider at this time. Defendants may raise this argument in a motion for summary judgment.

Defendants also contend that Count VI is inadequate based on the allegations that "at Executive Session matters were considered which were required to be in open session" (#22, ¶ 17), and that Defendants did not resume the open meeting, publicly adjourn, or announce what had occurred in the closed session (#22, ¶ 16). Defendants contend that because Plaintiffs failed to allege that Defendants took "final action" during the closed sessions, these allegations are conclusory and require the Court to strain to find inferences not apparent from the fact of the complaint. *See Coates v. Ill. State Bd. of Educ.*, 559 F.2d 445, 447 (7th Cir. 1977) (stating that a

court need not strain to find inferences favorable to the plaintiffs that are not apparent on the face of a complaint).

The "Facts" section of the complaint includes several allegations that relate to the Open Meetings Acts claims. *See* #22, ¶¶ 11-22. Although the basis of this claim is not entirely clear, the allegation in Paragraph 17 implies that Defendants took final actions in the closed sessions without following the proper statutory procedure. *See* 5 ILCS 120/2(e); *McMillan*, 455 F.3d at 758 (stating that the court must draw all reasonable inferences in the plaintiff's favor). Accordingly, the allegations are sufficient to state a claim at this time.

Finally, Defendants contend that Plaintiffs may not seek money damages under the Act. Section 120/3 of the Act indicates the appropriate relief for a violation of the Act and does not provide for money damages other than attorney fees and other litigation costs for a prevailing party. Accordingly, the Court recommends striking Plaintiff's prayer for relief to the extent it seeks money damages.

### H. The Freedom of Information Act Claim

Defendants next argue that Plaintiffs' FOIA claim is inadequate because it fails to identify documents to be produced, and it does not allege that either Plaintiff made a FOIA request to a Defendant. In addition, Defendants argue that Count VII fails to state claims against individual Defendants in their official capacities.

The FOIA provides a statutory mechanism whereby citizens can obtain full and complete information on the affairs of government by viewing public records. *Kenyon v. Garrels*, 540 N.E.2d 11, 13 (Ill. App. Ct. 1989). The focus of the FOIA is upon access to existing records and documents. *Id.* Section 140/3(b) requires a person who seeks a record to submit a written request. 5 ILCS 140/3(b). In *Kenyon*, the Illinois appellate court determined that a request for information was not in proper form because it did not identify documents that the plaintiff wanted. *Id.*

Here, the complaint is devoid of *any* allegations relating to a request for documents. Accordingly, the Court recommends dismissing the FOIA claim. With regard to Defendants' second argument, the Court agrees that suing individual Defendants in their official capacities is redundant.

Rule 11 of the Federal Rules of Civil Procedure imposes a duty of reasonable precomplaint inquiry not satisfied by rumor or hunch. FED. R. CIV. P. 11. Its provisions apply to anyone who signs a filed document, whether lawyer or litigant. The Court is concerned here with the attorney's duty under Rule 11 because Plaintiffs' counsel, not one of its principals, signed the complaint. Courts must use an objective standard in determining whether a party's prefiling inquiry was reasonable. *Harlyn Sales Corp. Profit Sharing Plan v. Kemper Fin. Servs., Inc.*, 9 F.3d 1263, 1270 (7th Cir. 1993). Subjective good faith is no longer a valid defense to charges of having transgressed Rule 11's proscriptions. *Thornton v. Wahl,* 787 F.2d 1151, 1154 (7th Cir. 1986).

Rule 11 imposes several threshold requirements before any document is filed in a federal court. The Seventh Circuit court has identified four separate components of the Rule: There must be reasonable inquiry into both fact and law; there must be good faith (that is, the paper may not be interposed to harass); the legal theory must be objectively warranted by existing law or a good faith argument for the modification of existing law; and the lawyer must believe the complaint is well grounded in fact. *Szabo Food Serv., Inc. v. Canteen Corp.,* 823 F.2d 1073, 1080 (7th Cir. 1987).

The lack of a single allegation related to a possible FOIA claim raises the question of whether Plaintiffs' attorney has violated Rule 11's duty to inquire. As a result, the Court recommends that Plaintiff's counsel be ordered to show cause why sanctions should not be imposed.

### IV.  Summary

For the reasons set forth above, this Court recommends that Plaintiffs' prayer for relief for the Open Meetings Act claim be stricken as to monetary damages and that Plaintiffs' counsel be ordered to show cause why sanctions should not be imposed as noted above.  In addition, the Court recommends that Defendants' Motion To Dismiss Plaintiffs' Third Amended Complaint **(#24)** be **GRANTED** as to:

(1) the FMLA claims in Counts I and II against individual Defendants in their official capacities;

(2) the constitutional claims in Count VIII;

(3) the RICO claims in Count IX;

(4) the Whistleblower Act claims in Count IV;

(5) the common law retaliation claims in Count V; and

(6) the FOIA claim in Count VII.

The Court further recommends that the motion to dismiss be **DENIED** as to:

(1) the FMLA claims in Counts I and II against Defendant St. George and individual Defendants in their individual capacities;

(2) the Title VII claim in Count III; and

(3) the Open Meetings Act claim in Count VI.

The Court has discretion to deny leave to amend if it appears that amendment would be futile. *King v. E. St. Louis Sch. Dist. 189*, 496 F.3d 812, 819 (7th Cir. 2007) ("It is not an abuse of discretion to deny a motion to amend a complaint when such amendment would be futile."). The fact that Plaintiffs have already amended their complaint twice raises the futility issue. Nevertheless, because it is conceivable that Plaintiffs can amend their complaint to state claims related to the FMLA, First and Fourteenth Amendments, RICO, Whistleblower Act, and the FOIA, the Court recommends that the dismissal of those claims be without prejudice and that Plaintiffs be granted leave to file an amended complaint within fourteen (14) days of the order

ruling on the motion.  However, Plaintiffs have pleaded themselves out of court as to the common law retaliation claims, and the Court recommends that the dismissal of those claims be with prejudice.

The parties are advised that any objection to this recommendation must be filed in writing with the clerk within ten (10) working days after being served with a copy of this Report and Recommendation.  *See* 28 U.S.C. § 636(b)(1).  Failure to object will constitute a waiver of objections on appeal.  *Video Views, Inc. v. Studio 21, Ltd.*, 797 F.2d 538, 539 (7th Cir. 1986).

ENTER this 30th day of September, 2008.

        s/ DAVID G. BERNTHAL
        U.S. MAGISTRATE JUDGE