**E-FILED**
Tuesday, 19 January, 2010  03:09:15 PM
Clerk, U.S. District Court, ILCD

SRM/JLT/mrs - **12242**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS
### URBANA DIVISION

| | |
|---|---|
| DEBORAH NUZZI and THOMAS NUZZI, | ) |
| | ) |
| Counter-Defendants/Plaintiffs, | ) |
| | ) |
| v | ) No.    07-2239 |
| | ) |
| ST. GEORGE COMMUNITY CONSOLIDATED | ) Judge Michael P. McCuskey |
| SCHOOL DISTRICT NO. 258; RICHARD REYES, | ) |
| individually and in his official capacity; WILLIAM | ) |
| BODEMER, individually and in his official capacity; | ) Magistrate Judge David G. Bernthal |
| SHARON THIESEN, individually and in her official | ) |
| capacity; PETER DUBRAVEC, individually and in | ) |
| his official capacity, MARK GROSSO, individually | ) |
| and in his official capacity; and DARRELL | ) |
| PENDLETON, individually and in his official capacity, | ) |
| | ) |
| Counter-Plaintiffs/Defendants. | ) |

## COUNTER-PLAINTIFFS'/DEFENDANTS' REPLY IN SUPPORT OF THEIR RULE 56(a) MOTION FOR SUMMARY JUDGMENT[1]

A.    **Material Facts Admitted by Counter-Defendants/Plaintiffs**[2]

The Counter-Defendants/Plaintiffs have affirmatively admitted the following material facts:

(1)    "*Introduction*–The Parties" ¶1-¶8

---

[1]    The affidavits submitted by Tom and Deborah Nuzzi suffer from the same defects as those submitted in support of their Response to the Rule 56(b) Motion for Summary Judgment, which were also the subject of a motion to strike and for sanctions filed on December 31, 2009.  The affidavits submitted by Tom and Deborah with respect to both motions for summary judgment are virtually identical.  The same sanctionable conduct has occurred here but Counter-Plaintiffs/Defendants did not wish to inundate this Court with another almost identical filing.

[2]    Although Local Rule 7.1 (D)(3) does not provide for this section, it has been included for this Honorable Court's ease of reference.

(2)      "*Relief Sought/Legal and Factual Basis of Motion*"  ¶1

(3)      "*L.R. 7.1 Statement of Uncontested Material Facts*" ¶6, ¶9-¶13, ¶21-22, ¶24, ¶31, ¶38-39, ¶41, ¶42, ¶44, ¶45, ¶46, ¶54, ¶58, ¶59-60, ¶62, ¶67-68, ¶75, ¶86-87, ¶92, ¶97, ¶120, ¶123, ¶141, ¶142, ¶144, ¶145-152, ¶157, ¶162, ¶165, ¶167-168, ¶172, ¶175, ¶188-189, ¶191-199, ¶221, ¶225, ¶232.  While Plaintiffs/Counter-Defendants admit and do not dispute the above paragraphs, they attempt to qualify their position with unintelligible and unsupported statements which go on for pages and pages in their respective affidavits.  These should be disregarded by this Court.

**B.      Facts Deemed Admitted Because of Counter-Defendants'/Plaintiffs' Failure to Properly Respond As Required by L.R. 7.1(D)(2)(b)(2)**

Local Rule 7.1(D)(3) does not provide for a Reply to Counter-Defendants/Plaintiffs' dispute of the undisputed material facts set forth in Defendants' original motion.  However, after careful review, Counter-Defendants/Plaintiffs' disputes of Defendants' undisputed material facts fail to comply with L.R. 7.1(D)(2)(b)(2), which requires that "each claim of disputed fact **shall** be supported by evidentiary documentation referenced by specific page."   Counter-Defendants'/Plaintiffs' claims of disputed facts either (1) fail to be supported by evidentiary documentation or (2) the evidentiary documentation referenced does not stand for the proposition asserted by Counter-Defendants/Plaintiffs.  Defendants' undisputed material facts must be deemed admitted and undisputed as Counter-Defendants/Plaintiffs have failed to successfully dispute them. Additionally, Counter-Defendants/Plaintiffs concede that they are material.

**FACTS THAT ARE "DISPUTED" BY Counter-Defendants/Plaintiffs**

**"*The Parties*"**

**¶1.**     Counter-Defendants/Plaintiffs dispute ¶1 of Defendants' statement of undisputed

facts.   This fact should be deemed admitted and undisputed as the evidentiary documentation referenced does not stand for the proposition asserted by Counter-Defendants'/Plaintiffs.   In essence, ¶1 avers that Deborah Nuzzi (hereinafter "Deborah") was employed by St. George from approximately August 4, 2006 through June 30, 2008.   In disputing this fact, Counter-Defendants/Plaintiffs refer to (1) Deborah Nuzzi's Affidavit (¶1)(148-2) and (2)  Document 116-36 (Deposition of Kay Pangle, previously filed Counter-Plaintiffs'/Defendants' Exhibit 31), pages 17 and 62.

(a)     **¶1 of Deborah's Affidavit**.  Deborah states in her Affidavit that she was only employed from August 4, 2006-February 29, 2008 as another principal was hired to replace her.  In support of this, she cites to page 62 of Regional Superintendent Kay Pangle's deposition (Doc. 116-36).  Specifically, Deborah quotes Ms. Pangle as saying, "...it was a termination because it appeared that they were hiring an administrative intern to finish out the year..."  Counter-Defendants/Plaintiffs have misquoted Ms. Pangle's testimony and omitted relevant testimony from the quote.  Thus, the fact must be deemed admitted.

(b)     **Kay Pangle's Deposition**.  The actual statement by Kay Pangle upon examination by her own attorney was as follows:

Q:      Okay.  And with respect to whether or not there was a renewal or a termination, how did you–how did you take that?

A:      **My first reaction** (emphasis added) was that it was a termination because it appeared that they were hiring an administrative intern to finish out the year, and I assume, and I should never assume anything, but I do not know for sure whether Mrs. Nuzzi was ever allowed to finish out that term to June 30, which is what the contract says.  So that precipitated my concern about whether this is a non-renewal or

a termination in somebody's legal reference to the distinction between the two.

Q:      I don't have anything further.

RECROSS EXAMINATION BY MR. MILLER:

Q:      Do you know whether Ms. Nuzzi was paid for the remainder of her contract?

A:      I have no knowledge of her personal income.

Kay Pangle did **not** testify that Deborah was terminated.  First, Kay Pangle's opinion is not material.  Second, she testified that her "first impression" was that it was a termination but that she actually did not know.  Furthermore, earlier in her deposition she gave contrary testimony:

Q:      Mr. Andry used the term that Deborah's [*sic* "was"] terminated.  Do you understand it to be the case that Deb was actually non-renewed under her contract?

A:      This says a notice of non-renewal.

Q:      Okay.  Is that what your understanding is what happened to her, that she was non-renewed, as far as you know?

A:      I have it in writing.  All I know is what I have in writing here.

Counter-Defendants/Plaintiffs' selective citation to Ms. Pangle's testimony was wholly misleading.  Counter-Defendants/Plaintiffs "cherry-picked" her words to effectively reverse their meaning; Ms. Pangle did **not** testify that Deborah was terminated.  A thorough review of her testimony reveals that it does not stand for the proposition cited by Counter-Defendants/Plaintiffs to dispute ¶1.  As such, ¶1 as alleged by Defendants is undisputed and is deemed admitted. [3]

---

[3]      Defendants engaged in this lengthy one and a half page analysis regarding ¶1 in order to illustrate to this court Counter-Defendants/Plaintiffs' misleading and confusing

¶2-8.   See above.  These have been admitted by the Counter-Defendants/Plaintiffs.

### *"Relief Sought/Legal and Factual Basis of Motion"*

Counter-Defendants/Plaintiffs' Responses to these paragraphs should be disregarded by this Court as they

attempt to "dispute" facts set forth in the "Relief Sought/Legal and Factual Basis of Motion" section of Defendants' motion.  That section does not allege facts that are "disputable" but only summarizes the arguments that form the basis of their motion.

### *"L.R. 7.1 Statement of Undisputed Facts"*

**¶1.**     Counter-Defendants/Plaintiffs admit this fact but nonetheless include a rambling explanation of Defendants' motive for inclusion and other irrelevant personal opinions. (Doc. 148-2, page 7 of 72; Doc. 148-3, page 7 of 96).   The allegation has been admitted since Counter-Defendants/Plaintiffs' personal beliefs regarding Defendants' motives, unsupported by any evidence, is immaterial.

**¶2.**     Counter-Defendants/Plaintiffs did not respond in any way to ¶2 and it is therefore deemed undisputed, material and thus admitted.

**¶3.**     Counter-Defendants/Plaintiffs did not respond in any to ¶3 and it is therefore deemed undisputed, material and thus admitted.

**¶4.**     Counter-Defendants/Plaintiffs did not respond in any to ¶4 and it is therefore deemed

---

Response.  This goes on for 234 paragraphs.  As such, Counter-Plaintiffs/Defendants will not analyze each paragraph in the same manner as its responsive pleading would consist of hundreds of pages.  Instead, Counter-Plaintiffs/Defendants will briefly summarize for the court the defects of each paragraph of Counter-Defendants/Plaintiffs' Response to Defendants' Statement of Undisputed Facts.  If the Court prefers that Counter-Plaintiffs'/Defendants' counsel conduct an analysis of each paragraph, Defendants' counsel will do so but will obviously need additional time to complete the lengthy analysis.

undisputed, material and thus admitted.

¶**5.**     Counter-Defendants/Plaintiffs did not respond in any to ¶5 and it is therefore deemed undisputed, material and thus admitted.

¶**6.**     Counter-Defendants/Plaintiffs did not respond in any to ¶6 and it is therefore deemed undisputed, material and thus admitted.

¶**7.**     Counter-Defendants/Plaintiffs dispute ¶7. The only support provided by Counter-Defendants/Plaintiffs are their own affidavits, which do not properly dispute the allegations contained in ¶7 as Counter-Defendants/Plaintiffs have not provided any evidence of their claims. They appear to dispute the timing but not the underlying fact that while Tom was superintendent at St. George, Deborah was principal of Robert Frost Elementary School in a neighboring school district.  Therefore, ¶7 is deemed undisputed, material and thus admitted.

¶**8.**     Counter-Defendants/Plaintiffs dispute ¶8. Counter-Plaintiffs/Defendants concede that they made a typographical error.  Tom's contract was from June 10, 2004 through June 30, 2008.

¶**9-13.**  Counter-Defendants/Plaintiffs admitted these paragraphs.  Therefore, ¶9-13 are deemed undisputed, material and this admitted.

¶**14.**    Counter-Defendants/Plaintiffs dispute ¶14.  They both cite to ¶L.R. 7.1.14 of their Affidavits.  It appears they are disputing whether or not Tom asked for the assistance of a principal. In support, Counter-Defendants/Plaintiffs cite to Exhibits "II.13-1," a summary of Richard Reyes' interview with the FBI.  This interview does not dispute any of the allegations in ¶14 of Defendants' Statement of Undisputed Facts, which simply states that the Board agreed with Tom's desire to also have a principal.  In Richard Reyes' deposition (previously filed as Defendants' Exhibit 33, Doc. 116-38, page 19), the following exchange took place:

> Q:    All right.  Fine.  All right.  So did there come a point where he recommended hiring a principal so that he would be the superintendent and there would be a separate principal?
>
> A:    Yes.  I mean, throughout the year, I was still–being in a vice president capacity, you know, we would hear he's doing great things.

There is nothing in the exhibit cited by Counter-Defendants/Plaintiffs which refutes Mr. Reyes' testimony.  Counter-Defendants/Plaintiffs also cite to Exhibit II-13.  Despite combing through the voluminous record, Counter-Plaintiffs/Defendants have been unable to locate this exhibit.  As such, ¶14 is undisputed, material and thus admitted.

**¶15.**    Counter-Defendants/Plaintiffs dispute ¶15.  They do not provide any evidentiary support as required by L.R. 7.1(D)(2)(b)(2). Therefore, ¶15 stands as undisputed, material and thus admitted.

**¶16.**    Counter-Defendants/Plaintiffs dispute ¶16.  They both cite to "L.R. 7.1.16" of their affidavits.  The evidentiary documentation referenced does not stand for the proposition asserted.  First, the substance of their affidavits is nonsensical.  Counter-Defendants/Plaintiffs comment upon the fact that numerous employees of the District "were seen at bars"–this is neither relevant nor supported by any kind of evidence.  Second, Counter-Defendants/Plaintiffs also cite to the Affidavit of Michael Raef (Doc. 137-8) to dispute Defendants' contention that Larry Custer was "stepping up to the plate."  Michael Raef's Affidavit does not comply with Federal Rules of Civil Procedure ("FRCP") 56(e) as it consists almost entirely of inadmissible hearsay testimony, which is too lengthy to quote here.  Further, it in no way contradicts Larry Custer's testimony regarding the duties he performed.  There is nothing in the exhibits cited by Counter-Defendants/Plaintiffs which refutes the facts averred in ¶16.  As such, ¶16 is undisputed, material and thus admitted.

**¶17.** Counter-Defendants/Plaintiffs dispute ¶17. The evidentiary support provided by Counter-Defendants/Plaintiffs does not stand for the proposition and facts asserted by Counter-Defendants/Plaintiffs. As such, ¶17 is undisputed, material and thus admitted.

**¶18**. Counter-Defendants/Plaintiffs dispute ¶18. The evidentiary support provided by Counter-Defendants/Plaintiffs does not stand for the proposition and facts asserted by them. As such, ¶18 is undisputed, material and thus admitted.

**¶19.** Counter-Defendants/Plaintiffs dispute ¶19. The evidentiary support provided by Counter-Defendants/Plaintiffs does not stand for the proposition and facts asserted by them. As such, ¶19 is undisputed, material and thus admitted.

**¶20**. Counter-Defendants/Plaintiffs dispute ¶20. The evidentiary support provided by Counter-Defendants/Plaintiffs does not stand for the proposition and facts asserted by them. As such, ¶20 is undisputed, material and thus admitted.

**¶21.** Admitted, see above.

**¶22.** Admitted, see above.

**¶23.** Counter-Defendants/Plaintiffs dispute ¶23. Counter-Defendants/Plaintiffs cite to ¶23 of their Affidavits (Documents 148-2 and 148-3) as evidentiary support. However, ¶23 of their Affidavits is replete with hearsay and is therefore inadmissible evidence. Further, the substance of the affidavit, hearsay aside, does not dispute the facts alleged by Defendants in ¶23 but instead admits it. ¶23 is undisputed, material and thus admitted.

**¶23.** Counter-Defendants/Plaintiffs dispute ¶23 and cite their Affidavits as evidentiary support. However, ¶23 of their Affidavits is replete with hearsay and therefore inadmissible evidence. Further, the substance of the affidavit, hearsay aside, does not dispute the facts alleged

by Defendants in ¶23 but instead admits it.  ¶23 is undisputed, material and thus admitted.

¶**24.**    Admitted.

¶**25.**    Counter-Defendants/Plaintiffs dispute ¶25.  The evidentiary support provided by Counter-Defendants/Plaintiffs does not stand for the proposition and facts asserted by them.  As such, ¶25 is undisputed, material and thus admitted.

¶**26.**    Counter-Defendants/Plaintiffs dispute ¶26.  The evidentiary support provided by Counter-Defendants/Plaintiffs does not stand for the proposition and facts asserted by them. Specifically, they cited to Exhibits II-20  (Doc. 141-5) and II-27 (Doc. 141-6).  The documents do not refer to the substance of ¶26, which is Thomas Nuzzi's application to Bourbonnais in 2006. They instead refer to Tom's application to the Bradley School District the year prior.  As ¶26 and not been properly disputed, it remains undisputed, material and thus admitted.

¶**27.**    Counter-Defendants/Plaintiffs dispute ¶27.  The evidentiary support provided by Counter-Defendants/Plaintiffs (their own affidavits containing their own opinions) does not stand for the proposition and facts asserted by them.  As such, ¶27 is undisputed, material and thus admitted.

¶**28.**    Counter-Defendants/Plaintiffs dispute ¶28.  The evidentiary support provided by Counter-Defendants/Plaintiffs (their own affidavits containing their own opinions) does not stand for the proposition and facts asserted by them.  Section 7.1.29 of their own affidavits, the evidence cited by Counter-Defendants/Plaintiffs in support of their dispute of this paragraph, refers to a completely different subject matter.  As such, ¶28 is undisputed, material and thus admitted.

¶**29.**    Though Counter-Defendants/Plaintiffs appear to want to dispute the allegations contained in this paragraph, their affidavits, cited in support of their dispute, seem to admit the

allegation.

**¶30.**    Counter-Defendants/Plaintiffs dispute ¶30.  The only evidentiary support they cite is ¶30 of their own affidavits, which merely states that Tom begins the budget process with the teachers. This statement, in addition to being unsupported, in no way disputes Loan Nguyen's testimony that she first met with Tom in March 2006 to begin work on the budget.  As such, ¶30 is deemed undisputed, material and thus admitted.

**¶31.**    Admitted.  It appears that Counter-Defendants/Plaintiffs simply "cut and pasted" much of their response to the R.56(b) Motion for Summary Judgment and did not pay attention to differing allegations.  While Counter-Defendants/Plaintiffs state that they do not dispute ¶31 in an earlier section of their response, they appear to be "admitting" ¶31 of the R.56 (b) motion for summary judgment rather than ¶31 of the motion for summary judgment relating to the counterclaim.

**¶32.**    Counter-Defendants/Plaintiffs dispute ¶32.  The evidentiary support provided by Counter-Defendants/Plaintiffs does not stand for the proposition and facts asserted by them and does not dispute the allegations contained in ¶32.  As such, ¶32 is undisputed, material and thus admitted.

**¶33.**    Counter-Defendants/Plaintiffs dispute ¶33.  The evidentiary support provided by Counter-Defendants/Plaintiffs does not dispute the facts as alleged in ¶33.  The Counter-Defendants/Plaintiffs' Affidavit admits that Tom told Loan Nguyen (hereinafter "Loan") to increase the principal's salary tp $80,000.  As such, ¶33  is undisputed, material and thus admitted.

**¶34.**    Counter-Defendants/Plaintiffs dispute ¶34.  The evidentiary support provided by Counter-Defendants/Plaintiffs, their own affidavits, does not dispute the facts contained in ¶34.  As such, ¶34 is undisputed, material and thus admitted.

**¶35.**    Counter-Defendants/Plaintiffs dispute ¶35.  The evidentiary support provided by

Counter-Defendants/Plaintiffs does not stand for the proposition and facts asserted by them.  As such, ¶35 is undisputed, material and thus admitted.

¶**36.**   Counter-Defendants/Plaintiffs dispute ¶36.  The evidentiary support provided by Counter-Defendants/Plaintiffs does not stand for the proposition and facts asserted by them. Counter-Defendants/Plaintiffs cite to their own affidavits in addition to Exhibits II.36 (Doc. 142-1), II.36-1 (Doc. 142-1) and II.36.2, II-35, II-35-1, II.35-, II.35-4(cannot be located)[4].   Counter-Defendants/Plaintiffs' Exhibits II.36 and II.36.1 are emails from Richard Reyes to Tom explaining how busy he is.  This does not dispute in anyway the deposition testimony of Richard Reyes as set forth in ¶36.  As such, ¶36 is undisputed, material and thus admitted.

¶**37.**   Counter-Defendants/Plaintiffs dispute ¶37.  Counter-Defendants/Plaintiffs only cite to their own affidavits, in which they agree that Kathy Ohrt went to the Board about her concerns.  As such, ¶37 is undisputed, material and this admitted.

¶**38.**   Admitted.

¶**39.**   Admitted.

¶**40.**   Counter-Defendants/Plaintiffs dispute ¶40.  Counter-Defendants/Plaintiffs cite to their own affidavits, in which they agree that Tom did call Kathy in to discuss the numbers.  The substance of the allegation is admitted.  As such, ¶40 is undisputed, material and thus admitted.

¶**41.**   ¶41 appears in the earlier "undisputed material facts" section of their Counter-Defendants/Plaintiffs' Response.  However, it appears that Counter-Defendants/Plaintiffs simply "cut and pasted" much of their response to the R.56(b) Motion for Summary Judgment and did not

---

[4]   Defendants have searched for this reference and have been unsuccessful in locating the document.

pay attention to differing allegations.  While Counter-Defendants/Plaintiffs state that they do not

dispute ¶41 in an earlier section of their response, they appear to be "admitting" ¶41 of the R.56 (b)

motion for summary judgment rather than ¶41 of the R.56(a) motion for summary judgment relating

to the counterclaim.  As such, ¶41 has not been responded to and is undisputed, material and thus

admitted.

¶**42.**     ¶42 appears in the earlier "undisputed material facts" section of their Counter-

Defendants/Plaintiffs' Response.  However, it appears that Counter-Defendants/Plaintiffs simply

"cut and pasted" much of their response to the R.56(b) Motion for Summary Judgment and did not

pay attention to differing allegations.  While Counter-Defendants/Plaintiffs state that they do not

dispute ¶41 in an earlier section of their response, they appear to be "admitting" ¶41 of the R.56 (b)

motion for summary judgment rather than ¶42 of the motion for summary judgment relating to the

counterclaim.  As such, ¶42 is undisputed, material and thus admitted.

¶**43**.     Counter-Defendants/Plaintiffs dispute ¶43.  Counter-Defendants/Plaintiffs only cite

to their own affidavits in support of their dispute.  However, ¶43 of Thomas Nuzzi's affidavit is

blank and ¶43 of Deborah Nuzzi's affidavit contains nothing but hearsay and other unsupported

statements.  As such, ¶43 is deemed admitted and material.

¶**44.**     Admitted.  (Doc. 148, Page 7).

¶**45.**     Admitted.  (Doc. 148, Page 7).

¶**46**.     Admitted.  (Doc. 148, Page 7).

¶**47.**     Counter-Defendants/Plaintiffs dispute ¶47.  Counter-Defendants/Plaintiffs only cite

to their own affidavits, in which they allege that Richard Reyes, a board member, was the attendance

keeper.  Aside from the absurdity of this statement, no documentary or testimonial evidence is

provided to successfully dispute ¶47. As such, ¶47 is deemed admitted.

¶**48.**    Counter-Defendants/Plaintiffs dispute ¶48. Counter-Defendants/Plaintiffs only cite to their own affidavits, in which they summarily disagree, without citing to any evidence, that Ms. Ohrt left the District on July 10, 2006. This is no way refutes Ms. Ohrt's sworn testimony that she left St. George on July 10, 2006 (see previously filed Exhibit 30, ¶3). Thus ¶48 is deemed admitted, undisputed and material.

¶**49.**    Counter-Defendants/Plaintiffs dispute ¶49. Counter-Defendants/Plaintiffs only cite to their own affidavits, which contain only their own opinions about how they believe an audit would occur. This does not dispute the sworn testimony of Dr. Angel (with attached supporting documentation) regarding the audit and its findings. Further, Tom's Affidavit (Doc. 148-3, Pages 18-21) contains pages of mathematical calculations which are impossible to decipher and completely meaningless. Thus, ¶49 is deemed admitted, undisputed and material.

¶**50.**    Counter-Defendants/Plaintiffs dispute ¶50. Counter-Defendants/Plaintiffs only cite to their own affidavits, which contain only their own opinions about the likelihood that the District was found to owe money. This does not dispute the sworn testimony of Dr. Angel (with attached supporting documentation) regarding the audit and its findings. Finally, Tom and Deborah claim that Loan testified that the District and the Superintendent did nothing to prepare for the audit is blatantly false. Loan testified at length regarding the efforts that were made by the District, at Dr. Angel's behest, to respond to the audit. (Previously filed Exhibit 29, pp. 275-278). As such, ¶50 is not disputed and remains undisputed, material and thus admitted.

¶**51.**    Counter-Defendants/Plaintiffs dispute ¶51. With respect to evidentiary documentation, the only reference Counter-Defendants/Plaintiffs make is, "see deposition of Loan

Nguyen." This is insufficient.  As such, ¶51 is undisputed, material and thus admitted.

¶52.    Counter-Defendants/Plaintiffs dispute ¶52. Counter-Defendants/Plaintiffs do not provide any evidentiary support for their dispute; they cite to their "experience," which is insufficient under the FRCP.  As such, ¶52 is undisputed, material and thus admitted.

¶53.    Counter-Defendants/Plaintiffs dispute ¶53. Again, Counter-Defendants/Plaintiffs do not provide any evidentiary support for their dispute.  In fact, both affidavits contain the statement, "superintendents are the only people who can submit for final approval attendance records, so of course a superintendent's name, in this case Thomas Nuzzi, will always show that they submitted the audit." This statement is an admission of ¶53.  As such, ¶53 remains undisputed, material and thus admitted.

¶54.    Admitted.  See above.

¶55.    Counter-Defendants/Plaintiffs dispute ¶55.  The evidentiary support provided by Counter-Defendants/Plaintiffs does not stand for the proposition and facts asserted by them.  The only support provided by Counter-Defendants/Plaintiffs are their own affidavits, in which they agree that Deborah's salary was $78,000, but claim additional entitlements.  As such, ¶55 is undisputed, material and thus admitted.

¶56.    Counter-Defendants/Plaintiffs dispute ¶56.  The evidentiary support cited by Counter-Defendants/Plaintiffs does not properly dispute the allegations in ¶56.  As such, ¶56 is undisputed, material and thus admitted.

¶57.    Counter-Defendants/Plaintiffs dispute ¶57.  The only support provided by Counter-Defendants/Plaintiffs are their own affidavits, which do not properly dispute the allegations in ¶57 as they have not provided any evidence of their claims.  As such, ¶57 is undisputed, material and

thus admitted.

**¶58.**   Admitted.  See above.

**¶59.**   Admitted.  See above.

**¶60.**   Admitted.  See above.

**¶61.**   Counter-Defendants/Plaintiffs dispute ¶61.  The only support provided by Counter-Defendants/Plaintiffs are their own affidavits which do not properly dispute the allegations in ¶61 as they have not provided any admissible evidence of their claims.  Counter-Defendants/Plaintiffs cite to Exhibit II-61 (previously filed Doc. 142-7, Page 14 of 25), which are handwritten notes with absolutely no foundation provided.  Interestingly, the note which references Deborah Nuzzi states, "Transportation Director monthly cost is offset by reduction in Principal Salary.  The Principal will still earn her contracted amount only."  The facts have proven (by simply adding up Deborah's paychecks), that Deborah received $83,202 in compensation for the 2006-2007 school year–$5,202 in excess of her contracted amount (see Defendants' Statement of Undisputed Facts., ¶128-132). Exhibit II-56 does not appear to have been filed although it was referenced by Counter-Defendants/Plaintiffs.  Exhibit II-61-1 (previously filed Doc. 142-7, page 15 of 25) is an email absent any foundation whatsoever as to what it is referring to.  Exhibit II-61-3 (previously filed Doc. 142-7, Page 16 of 25) is a copy of Deborah's 10/4/2006 paycheck, which does absolutely nothing to dispute the facts contained in ¶61.  However, it is interesting to note that the account number attributed to the $863.64 salary amount, GL account number "10-2410-110" is different from that in September 2006.  In September 2006, the $863.64 dollar amount was attributed to GL account number "40-2552-110," the GL account for "transportation salaries," which was meant to be used to pay the bus drivers.  (previously filed Counter-Plaintiffs/Defendants Exhibit 21 at Bates page 03. ISP004553;

Exhibit 29 at 140-142).  In October 2006, the same $863.64 was debited from the GL account for

"Principal's Salary."  As such, this paycheck (an exhibit cited by Counter-Defendants/ Plaintiffs),

shows that when the Board signed the paycheck they would have only seen that the $863.64 came

out of the account for "Principal's Salary," which supports Defendants' assertion that they did not

know that Deborah was being paid additional monies for her alleged role as 'transportation director.'

As such, ¶61 is undisputed, material and thus admitted.

¶**62.**    Counter-Defendants/Plaintiffs admit this fact though they dispute the completeness

of the Board's questioning.  They once again cite Exhibit II-61 (previously filed Doc. 142-7, Page

14 of 25) which in no way disputes the facts alleged in this paragraph.  As such, ¶62 stands as

undisputed, material and thus admitted.

¶**63**.    Counter-Defendants/Plaintiffs dispute ¶63.  In support, they cite to Exhibits II-63, II-

63-1, II-62-2 and D.63 (previously filed Doc 142-7, Pages 17-23 of 25) and their own affidavits.

There is nothing in the cited exhibits that dispute the facts alleged in ¶63.  In fact, Exhibit 63-2

(previously filed Doc. 142-7, Page 24 of 25), directly contradicts Deborah's own affidavit.

Deborah's Affidavit states, "Deborah Nuzzi was given an 11th check in July 2007 for the remaining

compensation for grant administration that was due to her."  However, Exhibit II-63-2, a letter from

Marci Kolberg, contradicts this by affirmatively stating that the paycheck received by Deborah in

July 2007, the 11th paycheck, was credited to the following school year.  As such, ¶63 stands as

admitted and material.

¶**64.**    Counter-Defendants/Plaintiffs dispute ¶64.  The evidentiary support provided by

Counter-Defendants/Plaintiffs does not stand for the proposition and facts asserted by them and does

not dispute the facts contained in this paragraph.  For example, Exhibit II-64 (previously filed Doc.

142-9, Pages 1-29), letters of recommendation regarding Mr. Nuzzi, do nothing to dispute the facts alleged in ¶64.  Thus, ¶64 stands as admitted and material.

**¶65.**    Counter-Defendants/Plaintiffs dispute ¶65.  The only support provided by Counter-Defendants/Plaintiffs are their own affidavits, which do not properly dispute the allegations in ¶65 as they have not provided any evidence of their claims.  Thus, ¶65 stands as admitted and material.

**¶66.**    Counter-Defendants/Plaintiffs dispute ¶66.  The only support provided by Counter-Defendants/Plaintiffs are their own affidavits, which do not properly dispute the allegations in ¶66 as they have not provided any evidence of their claims.  As such,¶66 stands as admitted and material.

**¶67.**    Admitted.  See above.

**¶68.**    Admitted.  See above.

**¶69.**    Counter-Defendants/Plaintiffs dispute ¶69.  The evidentiary support provided by Counter-Defendants/Plaintiffs does not stand for the proposition and facts asserted by them and does not dispute the allegations contained in ¶69.  As such, ¶69 is undisputed and material.

**¶70.**    Counter-Defendants/Plaintiffs dispute ¶70.  The only support provided by Counter-Defendants/Plaintiffs are their own affidavits, which do not properly dispute the allegations in ¶70 as they have not provided any evidence of their claims.  As such, ¶70 stands as admitted and material.

**¶71.**    Counter-Defendants/Plaintiffs dispute ¶71.  The only support provided by Counter-Defendants/Plaintiffs are their own affidavits, which do not properly dispute the allegations in ¶71 as they have not provided any evidence of their claims.  Thus, ¶71 stands as undisputed and material.

**¶72.**    Counter-Defendants/Plaintiffs dispute ¶72.  The evidentiary support provided by Counter-Defendants/Plaintiffs does not stand for the proposition and facts asserted by them and does

not dispute the allegations contained in ¶72.  As such, ¶72 is undisputed and material.

**¶73.**   Counter-Defendants/Plaintiffs dispute ¶73.  The evidentiary support provided by Counter-Defendants/Plaintiffs does not stand for the proposition and facts asserted by them and does not dispute the allegations contained in ¶73.  Counter-Defendants/Plaintiffs cite to Exhibit II-73, which does not appear to exist.  Exhibit II-72-1 (previously filed Doc. 142-11, page 1 of 27) is followed immediately by Exhibit II-96 (previously filed).   In any event, Deborah and Tom's Affidavits, unsupported by any other evidence, do not dispute the facts alleged in ¶73.  As such, ¶73 is undisputed and material.

**¶74.**   Counter-Defendants/Plaintiffs dispute ¶74.  The only support provided by Counter-Defendants/Plaintiffs are their own affidavits, which do not properly dispute the allegations in ¶74 as they have not provided any evidence of their claims.  Further, Deborah's Affidavit does not dispute that any of the responsibilities Larry claimed to be his stated were in fact his.  As such, ¶74 stands as undisputed, admitted and material.

**¶75.**   Admitted.  See above.

**¶76.**   Counter-Defendants/Plaintiffs dispute ¶76.  The evidentiary support provided by Counter-Defendants/Plaintiffs does not stand for the proposition and facts asserted by Counter-Defendants/Plaintiffs and does not dispute the allegations contained in ¶76.  As such, ¶76 is undisputed, admitted and material.

**¶77.**   Counter-Defendants/Plaintiffs dispute ¶77.  The evidentiary support provided by Counter-Defendants/Plaintiffs does not stand for the proposition and facts asserted by them and does not dispute the allegations contained in ¶77.  As such, ¶77 is undisputed, admitted and material.

**¶78.**   Counter-Defendants/Plaintiffs dispute ¶78.  The evidentiary support provided by

Counter-Defendants/Plaintiffs does not stand for the proposition and facts asserted by them and does not dispute the allegations contained in ¶78. It should also be noted that Counter-Defendants/Plaintiffs' repeated references to the letter from the Kankakee State's Attorney's Office, Exhibit 63-3 (previously filed Doc. 142-8, Page 9 of 9), is immaterial. First, a decision to not prosecute an individual criminally has no bearing on a civil case and certainly does not dispute any of the facts alleged. Further, as the letter clearly notes, the statute of limitations is still open for a criminal prosecution to be initiated. As such, ¶78 is undisputed, admitted and material.

¶**79.** Counter-Defendants/Plaintiffs dispute ¶79. The evidentiary support provided by Counter-Defendants/Plaintiffs does not stand for the proposition and facts asserted by them and does not dispute the allegations contained in ¶79. As such, ¶79 is undisputed and material.

¶**80.** Counter-Defendants/Plaintiffs dispute ¶80. The only support provided by Counter-Defendants/Plaintiffs are their own affidavits, containing rhetorical questions, which do not properly dispute the allegations in ¶80 as they have not provided any evidence of their claims. Thus, ¶80 stands as admitted and material.[5]

¶**81.** Counter-Defendants/Plaintiffs dispute ¶81. The evidentiary support provided by Counter-Defendants/Plaintiffs does not stand for the proposition and facts asserted by them and does not dispute the allegations contained in ¶81. As such, ¶81 is undisputed and material.

¶**82.** Although Counter-Defendants/Plaintiffs respond to this paragraph in the disputed facts section, their Affidavits indicate that they admit the facts alleged in ¶82. (Doc. 148-2, page 29; Doc. 148-3, page 29) As such, ¶82 is undisputed and material.

---

[5] This paragraph is one of the paragraphs identified in Defendants' motion for sanctions, filed 12/31/09.

**¶83.**    Counter-Defendants/Plaintiffs dispute ¶83.  The only support provided by Counter-Defendants/Plaintiffs are their own affidavits, which do not properly dispute the allegations in ¶83 as they have not provided any evidence of their claims.  Thus, ¶83 stands as admitted and material.

**¶84.**    Counter-Defendants/Plaintiffs dispute ¶84.  The evidentiary support provided by Counter-Defendants/Plaintiffs does not stand for the proposition and facts asserted by them and does not dispute the allegations contained in ¶84.  As such, ¶84 is undisputed and material.

**¶85.**    Counter-Defendants/Plaintiffs dispute ¶85.  The evidentiary support provided by Counter-Defendants/Plaintiffs does not stand for the proposition and facts asserted by them and does not dispute the allegations contained in ¶85.  As such, ¶85 is undisputed and material.

**¶86.**    Admitted.  See above.

**¶87.**    Admitted.  See above.

**¶88.**    Counter-Defendants/Plaintiffs dispute ¶88.  The evidentiary support provided by Counter-Defendants/Plaintiffs does not stand for the proposition and facts asserted by them and does not dispute the allegations contained in ¶88.  As such, ¶88 is undisputed and material.

**¶89.**    Counter-Defendants/Plaintiffs dispute ¶89.  The evidentiary support provided by Counter-Defendants/Plaintiffs does not stand for the proposition and facts asserted by them and does not dispute the allegations contained in ¶89.  As such, ¶89 is undisputed and material.

**¶90.**    Counter-Defendants/Plaintiffs dispute ¶90.  The evidentiary support provided by Counter-Defendants/Plaintiffs does not stand for the proposition and facts asserted by them and does not dispute the allegations contained in ¶90.  As such, ¶90 is undisputed and material.

**¶91.**    Counter-Defendants/Plaintiffs dispute ¶91.  The evidentiary support provided by Counter-Defendants/Plaintiffs does not stand for the proposition and facts asserted by them and does

not dispute the allegations contained in ¶91.  As such, ¶91 is undisputed and material.

¶**92.**    Counter-Defendants/Plaintiffs dispute ¶92.  The evidentiary support provided by Counter-Defendants/Plaintiffs does not stand for the proposition and facts asserted by Plaintiffs and does not dispute the allegations contained in ¶92.  As such, ¶92 is undisputed and material.

¶**93.**    Counter-Defendants/Plaintiffs dispute ¶93 by referring to their explanation in ¶90.  The evidentiary support provided by Counter-Defendants/Plaintiffs does not stand for the proposition and facts asserted by them and does not dispute the allegations contained in ¶93.  As such, ¶93 is undisputed and material.

¶**94.**    Counter-Defendants/Plaintiffs dispute ¶94 but their affidavits admit the allegation.  As such, ¶94 is undisputed and material.

¶**95.**    Counter-Defendants/Plaintiffs dispute ¶95 but their affidavits admit the allegation.  As such, ¶95 is undisputed and material.

¶**96.**    Counter-Defendants/Plaintiffs dispute ¶9 but their affidavits admit the allegation.  As such, ¶96 is undisputed and material.

¶**97.**    Admitted.  See above.

¶**98.**    Counter-Defendants/Plaintiffs dispute ¶98.  The evidentiary support provided by Counter-Defendants/Plaintiffs does not stand for the proposition and facts asserted by them and does not dispute the allegations contained in ¶98.  Deborah's Affidavit contains no response to this Paragraph.  As such, ¶98 is undisputed, material and thus admitted.

¶**99.**    Counter-Defendants/Plaintiffs dispute ¶99.  The evidentiary support provided by Counter-Defendants/Plaintiffs does not stand for the proposition and facts asserted by them and does not dispute the allegations contained in ¶99.  Deborah's Affidavit contains no response to this

Paragraph.  As such, ¶99 is undisputed, material and thus admitted.

**¶100.**   Counter-Defendants/Plaintiffs dispute ¶100.  The only support provided by Counter-Defendants/Plaintiffs are their own affidavits, which do not properly dispute the allegations in ¶100 as they have not provided any evidence of their claims.  Thus, ¶100 stands as admitted and material.

**¶101.**   Counter-Defendants/Plaintiffs dispute ¶101.  The evidentiary support provided by Counter-Defendants/Plaintiffs does not stand for the proposition and facts asserted by them and does not dispute the allegations contained in ¶101.  Deborah's Affidavit contains no response to this Paragraph.  As such, ¶101 is undisputed, material and thus admitted.

**¶102.**   Counter-Defendants/Plaintiffs dispute ¶102.  Despite disputing it, their allegation, the only evidence cited in support, agrees with Counter-Plaintiffs'/Defendants' allegations.   As such, ¶102 is undisputed, material and thus admitted.

**¶103.**   Counter-Defendants/Plaintiffs dispute ¶103.  The evidentiary support provided by Counter-Defendants/Plaintiffs does not stand for the proposition and facts asserted by them and does not dispute the allegations contained in ¶103.  Deborah's Affidavit contains no response to this Paragraph.  As such, ¶103 is undisputed, material and thus admitted.

**¶104.**   Counter-Defendants/Plaintiffs dispute ¶104.  The evidentiary support provided by Counter-Defendants/Plaintiffs does not stand for the proposition and facts asserted by them and does not dispute the allegations contained in ¶104.  It is also interesting to note that Thomas Nuzzi effectively abdicates all responsibility for the school's finances, in contravention of his contract, by his statements in ¶104 of his Affidavit (Doc. 148-3, Page 34 of 96).  As such, ¶104 is undisputed, material and thus admitted.

**¶105.**   Counter-Defendants/Plaintiffs dispute ¶105.  The evidentiary support provided by

Counter-Defendants/Plaintiffs does not stand for the proposition and facts asserted by them and does not dispute the allegations contained in ¶105.  Deborah's Affidavit contains no response to this Paragraph.  As such, ¶105 is undisputed, material and thus admitted.

¶**106.**  Counter-Defendants/Plaintiffs dispute ¶106.  The evidentiary support provided by Counter-Defendants/Plaintiffs does not stand for the proposition and facts asserted by them and does not dispute the allegations contained in ¶106.  Deborah's Affidavit contains no response to this Paragraph.  As such, ¶106 is undisputed, material and thus admitted.

¶**107.**  Counter-Defendants/Plaintiffs dispute ¶107.  The evidentiary support provided by Counter-Defendants/Plaintiffs does not stand for the proposition and facts asserted by them and does not dispute the allegations contained in ¶107.  Deborah's Affidavit contains no response to this Paragraph.  As such, ¶107 is undisputed, material and thus admitted.

¶**108.**  Counter-Defendants/Plaintiffs dispute ¶108.  The evidentiary support provided by Counter-Defendants/Plaintiffs does not stand for the proposition and facts asserted by them and does not dispute the allegations contained in ¶108.  For example, Exhibit II.103-1 (previously filed Doc. 143) is an email from an employee of the school to Loan regarding her sick time–this does not dispute the facts alleged in ¶108 in any way.  Counter-Defendants/Plaintiffs then make a list of "accusations" again Loan without any support whatsoever.  Aside from being immaterial and inadmissible, they do not dispute ¶108 in any way.  As such, ¶108 is undisputed, material and thus admitted.

¶**109.**  Counter-Defendants/Plaintiffs dispute ¶109.  The evidentiary support provided by Counter-Defendants/Plaintiffs does not stand for the proposition and facts asserted by them and does not dispute the allegations contained in ¶109.  **Interestingly, in ¶109 of their own Affidavits,**

Counter-Defendants/Plaintiffs state, "according to 23 Illinois Administrative Code Subtitle A, this function, 2550, is the only one allowed for Pupil Transportation Services."  However, previously filed exhibits show that $863.64 for Deborah's role as "Transportation Director" was debited from GL account 10-2410-110.  Counter-Defendants/Plaintiffs' own Affidavits admit that Tom, as Superintendent and CFO of the District, debited Deborah's transportation salary in contravention of the Illinois Administrative Code.  As such, ¶109 is undisputed, material and thus admitted.

¶110.  Counter-Defendants/Plaintiffs dispute ¶110.  The evidentiary support provided by Counter-Defendants/Plaintiffs does not stand for the proposition and facts asserted by them and does not dispute the allegations contained in ¶110.  As such, ¶110 is undisputed, material and thus admitted.

¶111.  Counter-Defendants/Plaintiffs dispute ¶111.  The evidentiary support provided by Counter-Defendants/Plaintiffs does not stand for the proposition and facts asserted by them and does not dispute the allegations contained in ¶111.  As such, ¶111 is undisputed, material and thus admitted.

¶112.  Counter-Defendants/Plaintiffs dispute ¶112.  The evidentiary support provided by Counter-Defendants/Plaintiffs does not stand for the proposition and facts asserted by them and does not dispute the allegations contained in ¶112.  As such, ¶112 is undisputed, material and thus admitted.

¶113.  Counter-Defendants/Plaintiffs dispute ¶113.  The evidentiary support provided by Counter-Defendants/Plaintiffs does not stand for the proposition and facts asserted by them and does not dispute the allegations contained in ¶113.  As such, ¶113 is undisputed, material and thus

admitted.

**¶114.**   Counter-Defendants/Plaintiffs dispute ¶114.  The evidentiary support provided by Counter-Defendants/Plaintiffs does not stand for the proposition and facts asserted by them and does not dispute the allegations contained in ¶114.   As such, ¶114 is undisputed, material and thus admitted.

**¶115.**   Counter-Defendants/Plaintiffs dispute ¶115.  The evidentiary support provided by Counter-Defendants/Plaintiffs does not stand for the proposition and facts asserted by them and does not dispute the allegations contained in ¶115. In fact, Plaintiff's own affidavits state that they have no personal knowledge of this allegation.  As such, ¶115 is undisputed, material and thus admitted.

**¶116.**   Counter-Defendants/Plaintiffs dispute ¶116.  The evidentiary support provided by Counter-Defendants/Plaintiffs does not stand for the proposition and facts asserted by them and does not dispute the allegations contained in ¶116.   As such, ¶116 is undisputed, material and thus admitted.

**¶117.**   Counter-Defendants/Plaintiffs dispute ¶117.  The evidentiary support provided by Counter-Defendants/Plaintiffs does not stand for the proposition and facts asserted by them and does not dispute the allegations contained in ¶117.   As such, ¶117 is undisputed, material and thus admitted.

**¶118.**   Counter-Defendants/Plaintiffs dispute ¶118.  The evidentiary support provided by Counter-Defendants/Plaintiffs does not stand for the proposition and facts asserted by them and does not dispute the allegations contained in ¶118.   As such, ¶113 is undisputed, material and thus admitted.

**¶119.**   Counter-Defendants/Plaintiffs dispute ¶119.  The evidentiary support provided by

Counter-Defendants/Counter-Defendants/Plaintiffs does not stand for the proposition and facts asserted by them and does not dispute the allegations contained in ¶119.  As such, ¶119 is undisputed and material.

¶**120.**   Admitted.  See above.

¶**121.**   Counter-Defendants/Plaintiffs dispute ¶121.  The evidentiary support provided by Counter-Defendants/Plaintiffs does not stand for the proposition and facts asserted by them and does not dispute the allegations contained in ¶121.  As such, ¶121 is undisputed and material.

¶**122.**   Counter-Defendants/Plaintiffs dispute ¶122.  The evidentiary support provided by Counter-Defendants/Plaintiffs does not stand for the proposition and facts asserted by Counter-Defendants/Plaintiffs and does not dispute the allegations contained in ¶122.  As such, ¶122 is undisputed, material and thus admitted.

¶**123.**   Admitted.  See above.

¶**124.**   Counter-Defendants/Plaintiffs dispute ¶124.  The only support provided by Counter-Defendants/Plaintiffs are their own affidavits, which do not properly dispute the allegations in ¶124 as they have not provided any evidence of their claims.  Thus, ¶124 stands as admitted and material.

¶**125.**   Counter-Defendants/Plaintiffs dispute ¶125.  The evidentiary support provided by Counter-Defendants/Plaintiffs does not stand for the proposition and facts asserted by them and does not dispute the allegations contained in ¶125.  As such, ¶125 is undisputed, material and thus admitted.

¶**126.**   Counter-Defendants/Plaintiffs dispute ¶126.  The evidentiary support provided by Counter-Defendants/Plaintiffs does not stand for the proposition and facts asserted by them and does not dispute the allegations contained in ¶126.  As such, ¶126 is undisputed, material and thus

2:07-cv-02239-MPM-DGB   # 170   Page 27 of 52

admitted.

**¶127.**   Counter-Defendants/Plaintiffs dispute ¶127.   The evidentiary support provided by Counter-Defendants/Plaintiffs does not stand for the proposition and facts asserted by them and does not dispute the allegations contained in ¶127.   As such, ¶127 is undisputed, material and thus admitted.

**¶128.**   Counter-Defendants/Plaintiffs dispute ¶128.   The evidentiary support provided by Counter-Defendants/Plaintiffs does not stand for the proposition and facts asserted by them and does not dispute the allegations contained in ¶128.   As such, ¶128 is undisputed, material and thus admitted.

**¶129.**   Counter-Defendants/Plaintiffs dispute ¶129.   The only support provided by Counter-Defendants/Plaintiffs are their own affidavits, which do not properly dispute the allegations in ¶129 as they have not provided any evidence of their claims.   Thus, ¶129 stands as admitted and material.

**¶130.**   Counter-Defendants/Plaintiffs dispute ¶130.   The evidentiary support provided by Counter-Defendants/Plaintiffs does not stand for the proposition and facts asserted by them and does not dispute the allegations contained in ¶130.   As such, ¶130 is undisputed, material and thus admitted.

**¶131.**   Counter-Defendants/Plaintiffs dispute ¶131.   The evidentiary support provided by Counter-Defendants/Plaintiffs does not stand for the proposition and facts asserted by them and does not dispute the allegations contained in ¶131.   As such, ¶131 is undisputed, material and thus admitted.

**¶132.**   Counter-Defendants/Plaintiffs dispute ¶132.   The evidentiary support provided by Counter-Defendants/Plaintiffs does not stand for the proposition and facts asserted by them and does

not dispute the allegations contained in ¶132.   As such, ¶132 is undisputed, material and thus admitted.

¶133.   Counter-Defendants/Plaintiffs dispute ¶133.   The evidentiary support provided by them does not stand for the proposition and facts asserted by Counter-Defendants/Plaintiffs and does not dispute the allegations contained in ¶133.   As such, ¶133 is undisputed, material and thus admitted.

¶134.   Counter-Defendants/Plaintiffs dispute ¶134.   The evidentiary support provided by Counter-Defendants/Plaintiffs does not stand for the proposition and facts asserted by them and does not dispute the allegations contained in ¶134.   As such, ¶134 is undisputed, material and thus admitted.

¶135.   Counter-Defendants/Plaintiffs dispute ¶135.   The evidentiary support provided by Counter-Defendants/Plaintiffs does not stand for the proposition and facts asserted by them and does not dispute the allegations contained in ¶135.   As such, ¶135 is undisputed, material and thus admitted.

¶136.   Counter-Defendants/Plaintiffs dispute ¶136.   The evidentiary support provided by Counter-Defendants/Plaintiffs does not stand for the proposition and facts asserted by them and does not dispute the allegations contained in ¶136.   As such, ¶136 is undisputed, material and thus admitted.

¶137.   Counter-Defendants/Plaintiffs dispute ¶137.   The evidentiary support provided by Counter-Defendants/Plaintiffs does not stand for the proposition and facts asserted by them and does not dispute the allegations contained in ¶137.   As such, ¶137 is undisputed, material and thus admitted.

¶**138.**   Counter-Defendants/Plaintiffs dispute ¶138.   The evidentiary support provided by Counter-Defendants/Plaintiffs does not stand for the proposition and facts asserted by them and does not dispute the allegations contained in ¶138.   As such, ¶138 is undisputed, material and thus admitted.

¶**139.**   Counter-Defendants/Plaintiffs dispute ¶139, though they state that they "agree with prejudice."   (Doc. 148-3, Page 54).   The evidentiary support provided by Counter-Defendants/Plaintiffs does not stand for the proposition and facts asserted by them and does not dispute the allegations contained in ¶139.   As such, ¶139 is undisputed, material and thus admitted.

¶**140.**   Counter-Defendants/Plaintiffs make no response so this allegation.   As such, ¶140 is undisputed, material and thus admitted.

¶**141.**   Admitted.   See above.

¶**142.**   Admitted.   See above.

¶**143.**   Counter-Defendants/Plaintiffs dispute ¶143.   The only support provided by Counter-Defendants/Plaintiffs are their own affidavits, which do not properly dispute the allegations in ¶143 as they have not provided any evidence of their claims.   Thus, ¶143 stands as admitted and material.

¶**144.**   Admitted.   See above.

¶**145**   Admitted.   See above.

¶**146**   Admitted.   See above.

¶**147**   Admitted.   See above.

¶**148**   Admitted.   See above.

¶**149**   Admitted.   See above.

¶**150**   Admitted.   See above.

**¶151**   Admitted.  See above.

**¶152**   Admitted.  See above.

**¶153.**   Counter-Defendants/Plaintiffs dispute ¶153.  The evidentiary support provided by Counter-Defendants/Plaintiffs does not stand for the proposition and facts asserted by them and does not dispute the allegations contained in ¶153.  As such, ¶153 is undisputed, material and thus admitted.

**¶154.**   Counter-Defendants/Plaintiffs dispute ¶154.  The only support provided by Counter-Defendants/Plaintiffs are their own affidavits, which do not properly dispute the allegations in ¶154 as they have not provided any evidence of their claims.  Thus, ¶154 stands as admitted and material.

**¶155.**   Counter-Defendants/Plaintiffs dispute ¶155.  The only support provided by Counter-Defendants/Plaintiffs are their own affidavits, which do not properly dispute the allegations in ¶155 as they have not provided any evidence of their claims.  Thus, ¶155 stands as admitted and material.

**¶156.**   Counter-Defendants/Plaintiffs dispute ¶156.  The only support provided by Counter-Defendants/Plaintiffs are their own affidavits, which do not properly dispute the allegations in ¶156 as they have not provided any evidence of their claims.  Thus, ¶156 stands as admitted and material.

**¶157.**   Admitted.  See above.

**¶158.**   Counter-Defendants/Plaintiffs dispute ¶158.  The only support provided by Counter-Defendants/Plaintiffs are their own affidavits, which do not properly dispute the allegations in ¶158 as they have not provided any evidence of their claims.  Thus, ¶158 stands as admitted and material.

**¶159.**   Counter-Defendants/Plaintiffs dispute ¶159.  The only support provided by Counter-Defendants/Plaintiffs are their own affidavits, which do not properly dispute the allegations in ¶159 as they have not provided any evidence of their claims.  Thus, ¶159 stands as admitted and material.

¶**160.**   Counter-Defendants/Plaintiffs dispute ¶160.  The evidentiary support provided by Counter-Defendants/Plaintiffs does not stand for the proposition and facts asserted by them and does not dispute the allegations contained in ¶160.  As such, ¶160 is undisputed, material and thus admitted.

¶**161.**   Counter-Defendants/Plaintiffs dispute ¶161.  The evidentiary support provided by Counter-Defendants/Plaintiffs does not stand for the proposition and facts asserted by them and does not dispute the allegations contained in ¶161.  The exhibits cited by Counter-Defendants/Plaintiffs, (D.159, D.159-1, D. 159-2. D.159-3, D. 159-4), are expenditure reports through June 30, 2007–the prior school year.  These expenditure reports do nothing to dispute the allegation that when Cathy Carter began working with St. George in early 2008 no expenditure reports had been completed for the 2007-2008 school year.  As such, ¶161 is undisputed, material and thus admitted

¶**162.**   Admitted.  See above.

¶**163.**   Counter-Defendants/Plaintiffs dispute ¶163.  The evidentiary support provided by Counter-Defendants/Plaintiffs does not stand for the proposition and facts asserted by them and does not dispute the allegations contained in ¶163.  Though the grant may have been submitted, it never received final approval, which is obviously necessary in order to receive funds.  As such, ¶163 is undisputed, material and thus admitted.

¶**164.**   Counter-Defendants/Plaintiffs dispute ¶164.  The evidentiary support provided by Counter-Defendants/Plaintiffs does not stand for the proposition and facts asserted by them and does not dispute the allegations contained in ¶164.  As such, ¶164 is undisputed, material and thus admitted.

¶**165.**   Admitted.  See above.

**¶166.**   Counter-Defendants/Plaintiffs dispute ¶166.  The only support provided by Counter-Defendants/Plaintiffs are their own affidavits, which do not properly dispute the allegations in ¶166 as they have not provided any evidence of their claims.  Thus, ¶166 is undisputed, material and thus admitted..

**¶167.**   Admitted.  See above.

**¶168**.   Admitted.  See above.

**¶169.**   Counter-Defendants/Plaintiffs dispute ¶169.  Despite this, their affidavits with respect to this allegation state, "agree."  The subsequent paragraph, also labeled as ¶169 states "disagree" with no evidentiary support provided.  Thus, ¶169 is undisputed, material and thus admitted.

**¶170.**   Counter-Defendants/Plaintiffs dispute ¶170.  The evidentiary support provided by Counter-Defendants/Plaintiffs does not stand for the proposition and facts asserted by them and does not dispute the allegations contained in ¶170.   As such, ¶170 is undisputed, material and thus admitted.

**¶171.**   Counter-Defendants/Plaintiffs dispute ¶171.  The only support provided by Counter-Defendants/Plaintiffs are their own affidavits, which do not properly dispute the allegations in ¶171 as they have not provided any evidence of their claims.  Thus, ¶171 is undisputed, material and thus admitted.

**¶172**.   Admitted.  See above.

**¶173.**   Counter-Defendants/Plaintiffs dispute ¶173.  The evidentiary support provided by Counter-Defendants/Plaintiffs does not stand for the proposition and facts asserted by them and does not dispute the allegations contained in ¶173.   As such, ¶173 is undisputed, material and thus admitted.

¶**174.**   Counter-Defendants/Plaintiffs dispute ¶174.  The evidentiary support provided by Counter-Defendants/Plaintiffs does not stand for the proposition and facts asserted by them and does not dispute the allegations contained in ¶174.   As such, ¶174 is undisputed, material and thus admitted.

¶**175**.   Admitted.  See above.

¶**176.**   Counter-Defendants/Plaintiffs dispute ¶176.  The evidentiary support provided by Counter-Defendants/Plaintiffs does not stand for the proposition and facts asserted by them and does not dispute the allegations contained in this paragraph.   Other than paychecks that were direct deposited, Tom Nuzzi signed them.  As such, ¶176 is undisputed, material and thus admitted.

¶**177.**   Counter-Defendants/Plaintiffs dispute ¶177.  The only support provided by Counter-Defendants/Plaintiffs are their own affidavits, which do not properly dispute the allegations in ¶177 as they have not provided any evidence of their claims.  Thus, ¶177 is undisputed, material and thus admitted.

¶**178.**   Counter-Defendants/Plaintiffs dispute ¶178.  The evidentiary support provided by Counter-Defendants/Plaintiffs does not stand for the proposition and facts asserted by them and does not dispute the allegations contained in ¶178.   As such, ¶178 is undisputed, material and thus admitted.

¶**179.**   Counter-Defendants/Plaintiffs dispute ¶179.  The evidentiary support provided by Counter-Defendants/Plaintiffs does not stand for the proposition and facts asserted by them and does not dispute the allegations contained in ¶179.  Counter-Defendants/Plaintiffs cite to Exhibit II.103-1 ( previously filed Doc. 143-1), which is an email from an employee of St. George to Loan Nguyen regarding sick days.  This is no way disputes the allegations contained in ¶179.  As such, ¶179 is

undisputed, material and thus admitted.

**¶180.**   Counter-Defendants/Plaintiffs dispute ¶180.  The evidentiary support provided by Counter-Defendants/Plaintiffs does not stand for the proposition and facts asserted by them and does not dispute the allegations contained in ¶180.  As such, ¶180 is undisputed, material and thus admitted.

**¶181.**   Counter-Defendants/Plaintiffs dispute ¶181.  The only support provided by Counter-Defendants/Plaintiffs are their own affidavits, which do not properly dispute the allegations in ¶181 as they have not provided any evidence of their claims.  Thus, ¶181 stands as admitted and material.

**¶182.**   Counter-Defendants/Plaintiffs dispute ¶182.  The evidentiary support provided by Counter-Defendants/Plaintiffs does not stand for the proposition and facts asserted by them and does not dispute the allegations contained in ¶182.  As such, ¶182 is undisputed, material and thus admitted.

**¶183.**   Counter-Defendants/Plaintiffs dispute ¶183.  The only support provided by Counter-Defendants/Plaintiffs are their own affidavits, which do not properly dispute the allegations in ¶183 as they have not provided any evidence of their claims.  Thus, ¶183 stands as admitted and material.

**¶184.**   Counter-Defendants/Plaintiffs dispute ¶184.  The evidentiary support provided by Counter-Defendants/Plaintiffs does not stand for the proposition and facts asserted by them and does not dispute the allegations contained in ¶184.  As such, ¶184 is undisputed, material and thus admitted.

**¶185.**   Counter-Defendants/Plaintiffs dispute ¶185.  The evidentiary support provided by Counter-Defendants/Plaintiffs does not stand for the proposition and facts asserted by them and does not dispute the allegations contained in ¶185.  As such, ¶185 is undisputed, material and thus

admitted.

**¶186.**   Counter-Defendants/Plaintiffs dispute ¶186.  The evidentiary support provided by Counter-Defendants/Plaintiffs does not stand for the proposition and facts asserted by them and does not dispute the allegations contained in ¶186.  As such, ¶186 is undisputed, material and thus admitted.

**¶187.**   Counter-Defendants/Plaintiffs dispute ¶187.  The evidentiary support provided by Counter-Defendants/Plaintiffs does not stand for the proposition and facts asserted by them and does not dispute the allegations contained in ¶187.  As such, ¶187 is undisputed, material and thus admitted.

**¶188.**   Admitted.  See above.

**¶189.**   Admitted.  See above.

**¶190.**   Counter-Defendants/Plaintiffs dispute ¶190.  The evidentiary support provided by Counter-Defendants/Plaintiffs does not stand for the proposition and facts asserted by them and does not dispute the allegations contained in ¶190.  As such, ¶190 is undisputed, material and thus admitted.

**¶191.**   Admitted.  See above.

**¶192.**   Admitted.  See above.

**¶193.**   Counter-Defendants/Plaintiffs dispute ¶193.  This allegation appears in the "undisputed" section of Plaintiff's response, but the statements contained in their affidavits indicate that they are disputing this fact.  The evidentiary support provided by Counter-Defendants/Plaintiffs does not stand for the proposition and facts asserted by them and does not dispute the allegations contained in ¶193.  As such, ¶193 is undisputed, material and thus admitted.

¶194.   Counter-Defendants/Plaintiffs dispute ¶194.   This allegation appears in the "undisputed" section of Plaintiff's response, but the statements contained in their affidavits indicate that they are disputing this fact.  The evidentiary support provided by Counter-Defendants/Plaintiffs does not stand for the proposition and facts asserted by them and does not dispute the allegations contained in ¶194.  As such, ¶194 is undisputed, material and thus admitted.

¶195.   Admitted.  See above.

¶196.   Admitted.  See above.

¶197.   Admitted.  See above.

¶198.   Admitted.  See above.

¶199.   Admitted.  See above.

¶200.   Counter-Defendants/Plaintiffs dispute ¶200.  The evidentiary support provided by Counter-Defendants/Plaintiffs does not stand for the proposition and facts asserted by them and does not dispute the allegations contained in ¶200.  As such, ¶200 is undisputed, material and thus admitted.

¶201.   Counter-Defendants/Plaintiffs dispute ¶201. The only support provided by Counter-Defendants/Plaintiffs are their own affidavits, which do not properly dispute the allegations in ¶201 as they have not provided any evidence of their claims.  As such, ¶201 is undisputed, material and thus admitted.

¶202.   Counter-Defendants/Plaintiffs dispute ¶202.  The only support provided by Counter-Defendants/Plaintiffs are their own affidavits, which do not properly dispute the allegations in ¶202 as they have not provided any evidence of their claims.  As such, ¶202 is undisputed, material and thus admitted.

¶**203.**   Counter-Defendants/Plaintiffs dispute ¶203.  The evidentiary support provided by Counter-Defendants/Plaintiffs does not stand for the proposition and facts asserted by them and does not dispute the allegations contained in ¶203.  As such, ¶203 is undisputed, material and thus admitted.

¶**204.**   Counter-Defendants/Plaintiffs dispute ¶204.  The evidentiary support provided by Counter-Defendants/Plaintiffs does not stand for the proposition and facts asserted by them and does not dispute the allegations contained in ¶204.  As such, ¶204is undisputed, material and thus admitted.

¶**205.**   Counter-Defendants/Plaintiffs dispute ¶205.  The evidentiary support provided by Counter-Defendants/Plaintiffs does not stand for the proposition and facts asserted by them and does not dispute the allegations contained in ¶205.  As such, ¶205 is undisputed, material and thus admitted.

¶**206.**   Counter-Defendants/Plaintiffs dispute ¶206.  The evidentiary support provided by Counter-Defendants/Plaintiffs does not stand for the proposition and facts asserted by them and does not dispute the allegations contained in ¶206. As such, ¶206 is undisputed, material and thus admitted.

¶**207.**   Counter-Defendants/Plaintiffs dispute ¶207.  The evidentiary support provided by Counter-Defendants/Plaintiffs does not stand for the proposition and facts asserted by them and does not dispute the allegations contained in ¶207.  As such, ¶207 is undisputed, material and thus admitted.

¶**208.**   Counter-Defendants/Plaintiffs dispute ¶208.  The evidentiary support provided by Counter-Defendants/Plaintiffs does not stand for the proposition and facts asserted by them and does

not dispute the allegations contained in ¶208.  As such, ¶208 is undisputed, material and thus admitted.

**¶209.**  Counter-Defendants/Plaintiffs dispute ¶209.  The evidentiary support provided by Counter-Defendants/Plaintiffs does not stand for the proposition and facts asserted by them and does not dispute the allegations contained in ¶209.  As such, ¶209 is undisputed, material and thus admitted.

**¶210.**  Counter-Defendants/Plaintiffs dispute ¶210.  The evidentiary support provided by Counter-Defendants/Plaintiffs does not stand for the proposition and facts asserted by them and does not dispute the allegations contained in ¶210.  As such, ¶210 is undisputed, material and thus admitted.

**¶211.**  Counter-Defendants/Plaintiffs dispute ¶211.  The evidentiary support provided by Counter-Defendants/Plaintiffs does not stand for the proposition and facts asserted by them and does not dispute the allegations contained in ¶211.  As such, ¶211 is undisputed, material and thus admitted.

**¶212.**  Counter-Defendants/Plaintiffs dispute ¶212.  The only support provided by Counter-Defendants/Plaintiffs are their own affidavits, which do not properly dispute the allegations in ¶212 as they have not provided any evidence of their claims.  Thus, ¶212 stands as admitted and material.

**¶213.**  Counter-Defendants/Plaintiffs dispute 213.  The evidentiary support provided by Counter-Defendants/Plaintiffs does not stand for the proposition and facts asserted by them and does not dispute the allegations contained in ¶213.  As such, ¶213 is undisputed, material and thus admitted.

**¶214.**  Counter-Defendants/Plaintiffs dispute ¶214.  The evidentiary support provided by

Counter-Defendants/Plaintiffs does not stand for the proposition and facts asserted by them and does not dispute the allegations contained in ¶214.  In short, Counter-Plaintiffs/Defendants alleged in this paragraph that the Board hired Russell Leigh.  Exhibit 131-2 (Doc. 143-4, Page 2 of 24), "relied"upon by Counter-Defendants/Plaintiffs, and which contains Russell's Leigh's  personal opinion regarding the Board's reliance on his report, is immaterial and does not dispute the facts alleged in ¶214.  As such, ¶214 is undisputed, material and thus admitted.

¶215.   Counter-Defendants/Plaintiffs dispute ¶215.  The evidentiary support provided by Counter-Defendants/Plaintiffs does not stand for the proposition and facts asserted by them and does not dispute the allegations contained in ¶215.  As such, ¶215 is undisputed, material and thus admitted.

¶216.   Counter-Defendants/Plaintiffs dispute ¶216.  The only support provided by Counter-Defendants/Plaintiffs are their own affidavits, which do not properly dispute the allegations in ¶216 as they have not provided any evidence of their claims.  Thus, ¶216 stands as admitted and material.

¶217.   Counter-Defendants/Plaintiffs dispute ¶217.  The only support provided by Counter-Defendants/Plaintiffs are their own affidavits, which do not properly dispute the allegations in ¶217 as they have not provided any evidence of their claims.  Thus, ¶217 is undisputed, material and thus admitted.

¶218.   Counter-Defendants/Plaintiffs dispute ¶218.  The only support provided by Counter-Defendants/Plaintiffs are their own affidavits, which do not properly dispute the allegations in ¶218 as they have not provided any evidence of their claims.  Thus, ¶218 stands as admitted and material.

¶219.   Counter-Defendants/Plaintiffs dispute ¶219.  The only support provided by Counter-Defendants/Plaintiffs are their own affidavits, which do not properly dispute the allegations in ¶219

as they have not provided any evidence of their claims.  Thus, ¶219 stands as admitted and material.

**¶220.**   Counter-Defendants/Plaintiffs dispute ¶220.  The only support provided by Counter-Defendants/Plaintiffs are their own affidavits, which do not properly dispute the allegations in ¶220 as they have not provided any evidence of their claims.  Thus, ¶220 stands as admitted and material.

**¶221**.   Admitted.  See above.

**¶222.**   Counter-Defendants/Plaintiffs dispute ¶222.  The only support provided by Counter-Defendants/Plaintiffs are their own affidavits, which do not properly dispute the allegations in ¶222 as they have not provided any evidence of their claims.  Counter-Defendants/Plaintiffs only cite to their own affidavits despite the fact that Defendants filed the audit results as an exhibit.  (Previously filed Exhibit 1 with attachments).  Thus, ¶222 stands as admitted and material.

**¶223.**   Counter-Defendants/Plaintiffs dispute ¶223.  The only support provided by Counter-Defendants/Plaintiffs are their own affidavits, which do not properly dispute the allegations in ¶223 as they have not provided any evidence of their claims.  Counter-Defendants/Plaintiffs only cite to their own affidavits despite the fact that Defendants filed the audit results as an exhibit.  (Previously filed Exhibit 1 with attachments).  Thus, ¶223 stands as admitted and material.

**¶224.**   Counter-Defendants/Plaintiffs dispute ¶224.  The only support provided by Counter-Defendants/Plaintiffs are their own affidavits, which do not properly dispute the allegations in ¶224 as they have not provided any evidence of their claims.  Counter-Defendants/Plaintiffs only cite to their own affidavits despite the fact that Defendants filed the audit results as an exhibit.  (Previously filed Exhibit 1 with attachments).  Thus, ¶224 stands as admitted and material.

**¶225**.   Admitted.  See above.

**¶226.**   Counter-Defendants/Plaintiffs dispute ¶226.  The evidentiary support provided by

Counter-Defendants/Plaintiffs does not stand for the proposition and facts asserted by them and does not dispute the allegations contained in ¶226. As such, ¶226 is undisputed, material and thus admitted.

¶227. Counter-Defendants/Plaintiffs dispute ¶227. The only support provided by Counter-Defendants/Plaintiffs are their own affidavits, which do not properly dispute the allegations in ¶227 as they have not provided any evidence of their claims. Thus, ¶227 stands as admitted and material.

¶228. Counter-Defendants/Plaintiffs dispute ¶228. The only support provided by Counter-Defendants/Plaintiffs are their own affidavits, which do not properly dispute the allegations in ¶228 as they have not provided any evidence of their claims. Thus, ¶228 stands as admitted and material.

¶229. Counter-Defendants/Plaintiffs dispute ¶229. The only support provided by Counter-Defendants/Plaintiffs are their own affidavits, which do not properly dispute the allegations in ¶229 as they have not provided any evidence of their claims. Thus, ¶229 stands as admitted and material.

¶230. Counter-Defendants/Plaintiffs dispute ¶230. The only support provided by Counter-Defendants/Plaintiffs are their own affidavits, which do not properly dispute the allegations in ¶230 as they have not provided any evidence of their claims. Thus, ¶230 stands as admitted and material.

¶231. Counter-Defendants/Plaintiffs dispute ¶231. The only support provided by Counter-Defendants/Plaintiffs are their own affidavits, which do not properly dispute the allegations in ¶231. In fact, they both state, "Thomas and Deborah Nuzzi have two laptop computers that belong to the St. George School District in storage." Thus, ¶231 stands as admitted and material.

¶232. Admitted. See above.

¶233. Counter-Defendants/Plaintiffs dispute ¶233, though they cite to their affidavits, wherein they admit it. Therefore, ¶233 stands as admitted and material.

**¶234.**   The evidentiary support provided by Counter-Defendants/Plaintiffs does not stand for the proposition and facts asserted by them and does not dispute the allegations contained in ¶234. As such, ¶234 is undisputed, material and thus admitted.

**C.**   **Reply To Additional Material Facts**

> (1)   *Material and Undisputed*
>
> None.
>
> (2)   *Material But Disputed*
>
> None.
>
> (3)   *Immaterial*

**¶1.**   Immaterial.  Whether or not Loan improperly assigned a "benefit" does not bear directly on any legal issue raised by Counter-Plaintiffs'/Defendants' Rule 56(a) Motion for Summary Judgment.

**¶2.**   Immaterial.  The cited exhibits, Exhibit Additional Fact 2 and 2.1, are immaterial as Exhibit 2 is a request from the District to their legal counsel for a litigation report to provide to their auditor.   These exhibits do not bear directly on any legal issue raised by Counter-Plaintiffs'/Defendants' Rule 56(a) Motion for Summary Judgment

**¶3.**   Immaterial.  The purpose of a psychiatric examination does not bear directly on any legal issue raised by Counter-Plaintiffs'/Defendants' Rule 56(a) Motion for Summary Judgment**.** Further, when Counter-Defendants/Plaintiffs allege psychiatric damages, as is the case here, it is customary to seek an expert's assessment of their claim for damages.  Finally, the psychiatric examination was conducted in relation to Counter-Defendants/Plaintiffs' claim of damages in the context of the lawsuit against the St. George, not St. George's counterclaim against them.

¶**4**.     Immaterial.  The purpose of a psychiatric examination does not bear directly on any legal issue raised by Counter-Plaintiffs'/Defendants' Rule 56(a) Motion for Summary Judgment. Further, when plaintiffs allege psychiatric damages, it is customary to seek an expert's assessment of their claim for damages.

¶**5**.     Immaterial.  Tom's unsubstantiated personal belief that Loan exhibited "confusion" does not bear directly on any legal issue raised by Counter-Plaintiffs'/Defendants' Rule 56(a) Motion for Summary Judgment.

¶**6**.     Immaterial.  Whether or not Loan is confused about whether or not she can attend board meetings does not bear directly on any legal issue raised by Counter-Plaintiffs'/Defendants' Rule 56(a) Motion for Summary Judgment.

¶**7**.     Immaterial.  The specific quoted testimony of Loan Nguyen does not bear directly on any legal issue raised by Counter-Plaintiffs'/Defendants' Rule 56(a) Motion for Summary Judgment.

¶**8**.     Immaterial.  Counter-Defendants'/Plaintiffs' perception that Loan had difficulty expressing what took place does not bear directly on any legal issue raised by Counter-Plaintiffs'/Defendants' Rule 56(a) Motion for Summary Judgment.

¶**9**.     Immaterial.  Whether not Counter-Defendants/Plaintiffs were ever charged *criminally* does not bear directly on any legal issue raised by Counter-Plaintiffs'/Defendants' Rule 56(a) Motion for Summary Judgment.

¶**10**.     Immaterial.  Tom's unsubstantiated claim that he "rooted out" $799,000 during the 2004-2005 school year does not bear directly on any legal issue raised by Counter-Plaintiffs'/Defendants' Rule 56(a) Motion for Summary Judgment.

¶**11**.     Immaterial.  Tom's unsubstantiated belief that Loan paid herself more than she was

authorized to receive does not bear directly on any legal issue raised by Counter-Plaintiffs'/Defendants' Rule 56(a) Motion for Summary Judgment.  Further, Loan very clearly testified when she received raises.  (previously filed Exhibit 29 at 24-27).

## D.    <u>Argument</u>

While Counter-Defendants/Plaintiffs spend fifty-seven pages "disputing" Defendants' assertions, they have provided no evidence to support their position.  As such, those facts are deemed undisputed, Counter-Defendants/Plaintiffs have failed to create a genuine issue of material fact and summary judgment must be entered on the Counterclaim in favor of Counter-Plaintiffs/Defendants.

Furthermore, Counter-Defendants/Plaintiffs' argument in response to Defendants' R. 56(a) Motion for Summary Judgment does not comply with L.R. 7.1(D)(2)(c), which requires that for each argument set forth by the movant the party responding must: (1) explain any disagreement with the movant's explanation of each point of law; or (2) explain why a point of law does not apply to an undisputed material fact; or (3) why the application of a particular law does not entitle movant to relief.  Counter-Defendants/Plaintiffs do none of the above.  Instead, Counter-Defendants/Plaintiffs assert without explanation or argument that this Court should rule in their favor.  Their arguments are without citation to authority, fact or law.

**COUNTS ONE, TWO, THREE, FOUR, NINE, AND ELEVEN**
**TOM NUZZI'S BREACH OF FIDUCIARY DUTY**

Counter-Plaintiffs/Defendants have alleged that while he was the Superintendent, Tom breached his fiduciary duty to the District in the following ways: (1) he paid his wife Deborah a salary in excess of that authorized by her contract without Board approval; (2) he reimbursed himself from improper accounts in order to avoid detection of certain expenditures; (3) he attempted to be

reimbursed for expenditures Deborah had already been reimbursed for; (4) he received reimbursement for a bill he claimed he had paid but in fact had not; (5) he paid his wife for grant administration when she was not doing actually administering the grants; and (6) he intentionally submitted inaccurate average daily attendance numbers to the ISBE, resulting in an increase of money received by St. George which they must now repay.

Counter-Defendants/Plaintiffs agree that the elements required to prove a breach of fiduciary duty claim are: (1) a fiduciary duty; (2) a breach; (3) an injury; (4) a proximate cause between the breach and the injury.  Counter-Defendants further admit that as Superintendent, Tom owed a fiduciary duty to St. George.  Though they deny a breach has been proven, they cite no facts.  They merely argue that no federal or state law enforcement agencies pursued them for violations of the law.  Aside from the irrelevance of this statement, the decision to criminally prosecute someone has no bearing on whether or not summary judgment should be granted in a civil case.  Tom makes no further argument and does not cite a single case or fact.  Without rehashing what Counter-Plaintiffs/Defendants have already extensively set forth in their R.56(a) motion for summary judgment, Tom breached his fiduciary duty to St. George in a variety of ways all set forth in the motion for summary judgment.

Notably, Tom's submission of inflated average daily attendance numbers, causing St. George to receive more money than it was entitled to, caused St. George, a small district, to owe $67,596 to the Illinois State Board of Education ("ISBE").  With respect to this allegation, contained in Count Eleven of the Counterclaim, Tom admits the following:

- Average daily attendance figures are used to calculate general state aid funding (Doc. 148, ¶38, Page 6).

- After Kathy compiled the 2005-2006 average daily attendance numbers, Tom wanted to review them.  (Doc. 148, ¶40, Page 7).

- Tom changed the numbers.  (Doc. 148, ¶41, Page 7).

- The difference between the numbers calculated by Kathy and Tom's numbers resulted in an increase in the amount of general state aid received by St. George.  (Doc. 148, ¶44, Page 7).

- These numbers were submitted electronically by Tom using his ISBE user ID.  (Doc. 148, ¶46, Page 7).

In addition, Tom failed to dispute the following:

- St. George was recently submitted to financial audit by the ISBE.  (¶216, R.56(a) motion for summary judgment).

- The initial audit revealed that St. George owed the ISBE $216, 134.  (¶222).

- A subsequent audit, conducted at St. George's behest, lowered the amount owed to $67,596).  (¶228).

The undisputed facts show that Tom submitted false average daily attendance number, resulting in money owed to the state.  This conduct by Tom was a breach of his fiduciary duty to St. George. While Tom, in his affidavit, attempts to argue that St. George was not damaged by his conduct, he does not do so successfully.  ¶228 of Tom's affidavit contains in excess of three pages of unsubstantiated calculations, most of them related to other school districts, to try and dispute this claim.  (Doc. 148-3, Page 77 of 96).  Tom even attempts to argue, "for example, the audit states that we gave you $100,000 more than we should have and now we want it back.  The school district gained by having a $100,000 loan at no interest for 3 years."  (Doc. 148-3, Page 76 of 96).  Tom's suggestion that his conduct is justified because the District was able to use the improperly obtained

funds for three years at no cost and therefore benefitted financially from his impropriety does not even dignify a response.

Tom also paid his wife Deborah in excess of that allowed by her contract.  With respect to this allegation, contained in Count One of the counterclaim, Tom admits the following:

- Board President Richard Reyes negotiated Deborah's contract with her. (Doc. 148, ¶54, Page 8).

- Deborah's 2006-2007 contract provided that any additional compensation above $78,000 had to be approved by the Board and be in the form of a written amendment.  (Doc. 148, ¶58, Page 8).

- "Embedded in this document in point #128, the Defendants note **accurately (emphasis added)** that "Deborah's first ten paychecks from September 2006 through June 2007 were in the exact amount of $8227.28...for a total of $82,272.80" (Affidavit of Tom Nuzzi, Doc. 148-3, ¶127, Page 49 of 96).  This testimony, by Tom himself, shows that he admits that Deborah was paid, at a minimum, $4272.80 in excess of her salary.

Tom failed to successfully dispute the following allegations contained in Counter-Plaintiffs'/Defendants' Motion for Summary Judgment:

- At Tom's direction, Deborah's last paycheck was for $929.20, resulting in a salary of $83,202 for the 2006-2007 school year.  (¶131).

- The Board never authorized Deborah to receive a salary in excess of $78,000.

- Had Deborah's last paycheck been for the same amount as the previous ten, she would have been paid a total of $90,500.

Had Deborah's last paycheck been the same as the other ten, her total compensation for the 2006-2007 school year would have been $90,500, the exact same figure contained in Loan's notes from her August 2006 budget meeting with Tom, and $12,500 above that which was authorized by the Board.

Second, Marci Kolberg clearly testified that Tom gave her the $929.20 figure for Deborah's last paycheck.  (Doc.131-132).  Tom presented no contrary evidence to explain why he suddenly requested that Deborah's last paycheck be for a completely different amount than the previous or documentation to show how he arrived at the number.

As St. George's Chief Financial Officer, Tom had a fiduciary duty to properly manage its funds and not overpay his wife.  It is clear from the above two examples, in addition to the others contained in the counterclaim, that Tom repeatedly breached his fiduciary duty to St. George and should be held liable for doing so.  Tom's argument that "St. George got what it deserved" is not a legally sufficient argument.

Counter-Plaintiffs/Defendants respectfully request that summary judgment be entered in their favor on Counts One, Two, Three, Four, Nine and Eleven.  Counter-Plaintiffs/Defendants further request that damages in the amount of $67,596 be assessed against Tom and Deborah Nuzzi.

## COUNTS SIX, SEVEN, AND TEN
## DEBORAH NUZZI'S BREACH OF FIDUCIARY DUTY

Counter-Defendants/Plaintiffs also admit that Deborah had a fiduciary duty to St. George, although they deny that she breached that duty.  Counter-Plaintiffs/Defendants have proven otherwise.  In addition to the salary overpayment described above (which Deborah received in

violation of her fiduciary duty), Deborah breached her duty in numerous ways as set forth in the Counterclaim in which no question of fact has been raised.

Notably, in addition to receiving compensation for grant administration that was not approved by the Board, Deborah was not completing the work required to administer a grant.  With respect to this allegation, Deborah in part admits the following:

- Deborah received $272.73 in each paycheck for grant administration.  (Doc. 148, ¶142, Page 10).

- With respect to the 2006-2007 school year, the NCLB grant was submitted by "tnuzzi1" on October 12, 2006 and received final approval on December 12, 2006.  (Doc. 148, ¶151, Page 11).

- These funds were not received until sometime after December 12, 2006.  (Doc. 148, ¶152, Page 11).

- Deborah never developed a written district wide parental involvement policy, local school parents involvement policy and school-parent compacts.  (Doc. 148, ¶157, Page 11).

- The only grant for which Deborah filed an expenditure report was the Early Childhood Grant. (Doc. 148, ¶162, Page 11).

- A REAP grant requires that documentation be compiled regarding what grant money is spent on.  (Doc. 148, ¶ 167, Page 11).

- It is the job of the grant administrator to compile this information.  (Doc. 148, ¶168, Page 11).

- Deborah received compensation for the REAP grant.  (Doc. 148, ¶172, Page 12).

In addition, Deborah failed to successfully dispute the following facts:

- NCLB funds are not to be spent until approved.  (¶173).

- The NCLB grant requires the filing of expenditure reports within 30 days of the end of each quarter and no expenditure reports for this grant had ever been filed.  (¶160).

- The only grant for which Deborah filed an expenditure report was the Early Childhood grant.  (¶162).

- Cathy Carter filed the first expenditure reports for the NCLB grant in January or February 2008.  (¶161).

- When she arrived in early 2008, the NCLB grant application had not been submitted for approval.  (¶163).

- As a result of this delay, the funds had been frozen.  (¶166).

As is clear from the above facts, Deborah admitted that she started receiving grant administration compensation in her first paycheck in September 2006.  However, the NCLB grant did not receive approval until December 12, 2006.  Her compensation for grant writing remained the same for each month so it is undisputed that she was receiving compensation for the NCLB grant at least three months before it was approved.  Further, during the 2007-2008 school year, Deborah was again receiving grant administration compensation even though she had not secure approval of the NCLB grant and its funds had been frozen.  While she attempts to minimize in her affidavit the changes for which the grant was returned on December 13, 2007, the facts are  undisputed that it was not approved, yet she was being paid for its administration.  (Doc. 148-2, ¶163, Page 50 of 72).  In addition to these facts, as delineated in the affidavit of Cathy Carter (previously filed Exhibit 4), Deborah was receiving compensation for grant administration when she was not completing the required work.  These facts as well are undisputed.  In addition to this being a breach of her fiduciary

duty to St. George, she did not have Board approval to receive this additional compensation in the first place.

Counter-Plaintiffs/Defendants respectfully request that summary judgment be entered in their favor on Counts Six, Seven and Ten.

## COUNT FIVE
## TOM NUZZI'S BREACH OF CONTRACT

Once again, Tom does not cite to any fact or law to dispute Counter-Plaintiffs'/Defendants' claim that he breached his contract. He admits that a contract existed but denies a breach and cites no facts or law to support his "denial." This is legally insufficient to defeat summary judgment.

Counter-Plaintiffs/Defendants respectfully request that summary judgment be entered in their favor on Count Five. No genuine issue of material fact exists.

## COUNT EIGHT
## DEBORAH NUZZI'S BREACH OF CONTRACT

While Deborah also admits to the existence of a contract she denies a breach without citing to any facts or law. She does not highlight even one fact that she believes undermines the claim or creates a genuine issue of material fact. It is undisputed, as highlighted above and set forth in the Counterclaim that Deborah received $5,202 in excess of the $78,000 approved by the Board without Board approval. This is a clear breach of her contract.

Counter-Plaintiffs/Defendants respectfully request that summary judgment be entered in their favor on Count Eight and damages in the amount of $5,202 assessed against Counter-Defendants/Plaintiffs. No genuine issue of material fact exists.

**COUNTS TWELVE AND THIRTEEN**
**TOM AND DEBORAH NUZZI'S CONVERSION**
**OF DISTRICT PROPERTY**

Counter-Defendants/Plaintiffs attempt to rebut the claim that they converted the District's property by alleging that St. George did the same with theirs.  This is a legally insufficient response to the claim and Defendants are entitled to summary judgment.  Both Tom and Deborah admit in ¶231 of their affidavits that they are still in knowing possession of at least two of St. George's laptops and accompanying power cords.

Counter-Plaintiffs/Defendants respectfully request that summary judgment be entered in their favor on Counts Twelve and Thirteen and that Tom and Deborah Nuzzi be ordered to return St. George's property.  No genuine issue of material fact exists. In the alternative, Counter-Plaintiffs request that summary judgment be entered in their favor on liability and this count set for prove-up on damages.

**CONCLUSION**

Counter-Plaintiffs/Defendants respectfully request that this court enter summary judgment in their favor on all counts contained in their Counterclaim.

Respectfully submitted,

**MYERS & MILLER LLC**

By:___/s/Stephen R.  Miller_____
         Stephen R. Miller

Stephen R. Miller  (6182908)
Nikoleta Lamprinakos (6274018)
Johanna L. Tracy (6278612)
**MYERS & MILLER LLC**
Thirty North LaSalle Street
Suite 2200
Chicago, Illinois 60602
Ph:     312/345-7250
Fx:     312/345-7251